## Bloomfield v. Jones et al.

Under ordinary circumstances a sheriff will be considered as having exhibited due diligence, by serving a citation in time to enable the plaintiff to take a default at the earliest period after the opening of the court at the term next ensuing. To render a sheriff liable for damages resulting from the failure to serve a citation sooner—as for the amount of the debt, when the citation was not served in time to interrupt prescription—plaintiff must show that the officer was notified of the necessity of earlier service to prevent the prescription of the claim.

APPEAL from the District Court of Caddo, *Campbell*, J. *Lawson*, for the appellant. *Crain*, for the defendants. The judgment of the court was pronounced by

SLIDELL, J. The plaintiff alleges that, in March, 1844, she was the owner of a joint and several promissory note, made in her favor by *H. G. Williams* and *Thomas Sutton*, due April 5, 1839; that, in the year 1844, on the 23d of March, the plaintiff having instituted suit against *Williams*, the citation and copy of petition for the defendant were placed in the hands of *Jones*, then sheriff of the parish of Caddo, who neglected to serve them until the 16th of April, 1844; that, by reason of prescription, there was judgment for defendant in said suit ; that, in September, 1844, she brought suit against *Sutton*, in the District Court for Bossier parish, who pleaded prescription, and had judgment in his favor; that if the citation in the case against *Williams* had been served with due diligence, prescription would have been interrupted as to *Williams*, and by legal consequence as to his co-debtor *in solido* ; that by the wilful neglect and nonfeasance of the sheriff the debt has been lost, and the officer has made himself, and his official sureties, liable in damages to the amount of the debt and costs. The defendants pleaded a general denial, averring also due diligence in the service of the citation, &c. The cause was tried by a jury, who found a verdict for the defendants, in conformity to which a judgment was entered ; and, a new trial having been refused, the plaintiff has appealed.

The record exhibits a bill of exceptions with regard to the legal effect of the exemplifications of the records in the suits against the makers of the note, as evidence in this cause ; but we have not considered it necessary for the decision of this cause to examine the questions presented by the bill.

In examining the cause on the merits, we find a state of evidence which does not permit us to declare the verdict of the jury erroneous. Under ordinary

circumstances the sheriff would be considered as having exhibited due diligence, by serving a citation in time to enable the plaintiff to take a default at the earliest period after the opening of the court at its next ensuing term.   This was done in the present case.   But to take this case out of the general rule of diligence, the plaintiff produced a witness who testified that, when the citation was delivered to the sheriff's deputy, he informed the deputy that it was important that the citation should be served, or prescription would run; stating, however, on his cross-examination, that he did not recollect the precise words used.   But, on the other hand, the deputy, who had been made a competent witness by the release executed in his favor by the sheriff, declared that he had no recollection whatever of the clerk having told him of the necessity of serving it speedily, or of his saying any thing about it; that he thought, inasmuch as it was unusual to give such an admonition, that he would have remembered it, had the clerk given it.   In weighing this conflicting evidence, and the other facts connected with the question of diligence, the jury had better means to form a correct opinion than we have.

There is a good deal of testimony going to show that the sheriff was much pressed at the time with official business, particularly the pursuit of stolen property.   But we have not permitted this to influence our opinion in affirming the verdict.   It was his duty to increase the number of his deputies in proportion to the accumulation of his official labors.

*Judgment affirmed.*