GLADNEY, Judge.
The plaintiff herein, Carroll Insurance Agency, Inc., a judgment debtor of W. O. Brewster, seized under a writ of fieri facias, as the property of its debtor, a 1956 Chrysler automobile and in due course the property was advertised for sale to be held on October 28, 1964. The National Bank of Bossier City held a chattel mortgage on the seized property securing an indebtedness of $5,000.00 which primed plaintiff’s judgment. On the day of the sale plaintiff’s counsel called the sale off by instructing the Sheriff not to sell the property but to continue to hold it under seizure. Thereupon The National Bank of Bossier City, on November 4, 1964, intervened in the action instituted by plaintiff and secured an order directed to the Sheriff of Caddo Parish and the plaintiff to show cause why the property should not be released and returned to defendant. Upon trial the rule was made absolute and judgment rendered accordingly. It is from this judgment that plaintiff has appealed.
The primary issue presented on the appeal is whether the seizing creditor herein may continue to hold the defendant’s automobile under seizure indefinitely although the property under seizure is impressed with a prior lien or mortgage greatly in excess of the value of the property.
The position taken by the seizing creditor is that if the seizure is released the defendant will be free to place further mortgages against the property which would prejudice plaintiff’s judgment claim, but that as long as the seizure remains in effect it is possible that the prior mortgage or lien will be discharged and plaintiff’s seizure will then have a preferential lien on the property. Counsel for the intervenor urges that there is no merit in plaintiff’s contention and that it is unreasonable and without authority to support it.
Articles 2294 and 2337 of the Code of Civil Procedure appear to.be pertinent to the question presented. Article 2294 pro *810 vides, inter alia, that a seizure may be made under a writ of fieri facias only within one year from the date of its issuance and that at the expiration of that time the Sheriff shall make a return of the writ unless a seizure has been made within the time. LSA-C.C.P. Article 2337 provides that:
“If the price offered by the highest bidder at the first or subsequent offering is not sufficient to discharge the costs of the sale and the mortgages, liens, or privileges superior to that of the seizing creditor, the property shall not be sold.” (Emphasis supplied)
Manifestly, in the instant case the sale was called off as the property to be offered for sale could not discharge the mortgage debt which outranked the claim of the seizing creditor. The trial judge based his decision on LSA-C.C.P. Art. 2337, saying: “Of course, 2337 does not say what shall happen to the property, but in our opinion it would be a vain and useless thing to keep property under seizure when the law says it shall not be sold.”
Can it be said that the judgment of the court causing the release of the seized property was improvidently issued? The answer to this question inquires into the extent and authority of the court. Within the limitations of the Louisiana Constitution of 1921 district judges are given reasonable jurisdiction in all civil matters. LSA-Const. art. 7, § 35. This original jurisdiction so conferred by the Constitution vests all powers necessarily or usually incident to such jurisdiction, including the power to execute decrees by writs provided for that purpose, to control, regulate, and restrain such execution in proper cases, and to annul their own judgments in cases and methods provided by law. Frank v. Currie, La.App., 172 So. 843 (Orl.Cir.1937). A court may likewise exercise its power for the prevention of injury and the furtherance of justice where a person having the required interest alleges and proves grounds therefor, the power in this respect being predicated upon substantial principles of right and wrong. Termini v. McCormick, 208 La. 221, 23 So.2d 52 (1945).
 We are impelled to the conclusion that there was no abuse of the discretion of the trial court in granting the judgment under review. It is well recognized, we think, that the supervisory jurisdiction of a district court extends over its judgments and the execution thereof. Accordingly, we are of the opinion that the judgment as rendered is correct. *|
Appellant has also contended on the ap-' peal that the trial court erred in its failure to issue a bench wari'ant for the defendant when the latter failed to appear in obedience to a subpoena served upon defendant’s counsel. This issue as we view it is not presented through the appeal. We could not render a judgment with reference thereto that would be other than advisory.
For the foregoing reasons the judgment from which appealed is affirmed at appellant’s cost.