PRICE, Judge.
The plaintiff-appellant, Harold Grayson, has appealed the judgment of the City Court of Monroe which sustained a motion to dissolve a writ of fieri facias under which the truck of defendant had been seized. The factual background of this litigation is as follows.
*917 Plaintiff brought suit against defendant seeking to collect the sum of $237.59 for repairs to defendant’s welding truck and asked for recognition of his repairman’s lien granted by R.S. 9:4501. The truck was seized under a writ of sequestration as prayed for by plaintiff. A default judgment was rendered for the amount of the indebtedness but no mention was made in the judgment of the lien or maintenance of the writ of sequestration. Defendant then filed a reconventional demand and an answer, in which he incorporated a motion to dissolve the writ of sequestration. Plaintiff then obtained a writ of fi. fa. and the truck was subjected to this writ. At this point defendant filed a motion to dissolve the writ of fi. fa. alleging that the truck was exempt from seizure because it was a tool of defendant’s trade as provided by R.S. 13:3881. The reconventional demand and answer were held not to have been timely filed and were not considered by the City Court. A hearing was had on the motion to dissolve and after finding as a matter of fact that the truck was a tool of defendant’s trade, the City Court ordered the writ of fi. fa. dissolved.
Appellant makes no issue of the correctness of the City Court’s finding that the truck was a tool of defendant’s trade and exempt under the statute previously cited, but contends that the lower court erred in two respects: first, that the Court erred in allowing the defendant to proceed by motion or summary process to dissolve the writ of fi. fa. as appellant contends this may only be done by an injunction; and second, that the Court was wrong in holding that the exception to immunity from seizure, as contained in Section 2 of Article 11 of the Constitution, may not be applied to the exemption from seizure under R.S. 13:3881.
The first contention of appellant that defendant must proceed by injunction and not by a motion to dissolve is without merit. It has previously been recognized by this Court in the case of Britt v. Merritt, 56 So.2d 766 (La.App., 2nd Cir., 1952), that the writ may be attacked by motion or summary process. Other cases recognizing this procedure are Lafourche Ice & Shrimp Co. v. Gilbeau, 185 So. 310 (La.App. 1st Cir., 1938); Morris-Wilson Buick Co. v. Robertson, 146 So. 339 (La.App., 2d Cir. 1933). We do not agree that Article 2592 of the Code of Civil Procedure, adopted in 1960, intended to overrule these cases. Section 1 of this article provides that summary proceedings may be used for the trial of an incidental question arising in the course of litigation. The issuance of a fi. fa. and the attempt to modify it are incidental questions arising in the course of the litigation between these parties.
Appellee took the position that since the plaintiff did not have the written judgment of the Court specifically recognize his lien and privilege, it has in effect ceased to exist. This position was erroneously adopted by the trial court. In the case of Washington v. Washington, 241 La. 35, 127 So.2d 491 (1961), the Louisiana Supreme Court held that if under the law a debt creates a privilege, such privilege exists independently of a judgment rendered on it, and that the party possessing the privilege does not lose it by failing to have it recognized in the judgment rendered on the debt.
Having determined that the procedure used by defendant was acceptable and that the privilege of plaintiff was still effective, it is necessary to decide if the truck of defendant would be exempt from seizure under R.S. 13:3881, even as against a privilege arising under R.S. 9:4501 for repairs to the vehicle. This is the most serious question to be resolved by this Court.
The plaintiff-appellant has urged that the provisions of Section 2, Article 11 of the Louisiana Constitution relating to certain exceptions to the exemptions from seizure created by this provision of the Constitution should also be applied to the exemptions contained in R.S. 13:3881.
*918 The pertinent portion of Article 11, Section 2 of the Constitution relied on by appellant reads as follows:
“This exemption shall not apply to the following debts, to-wit:
* * * * * *
“2. For labor, money, and material, furnished for building, repairing or improving homesteads.”
The portion of R.S. 13:3881 involved herein is stated as follows:
“The following income or property of a debtor is exempt from seizure under any writ, mandate, or process whatsoever:
* * * * * *
“(2) The tools, instruments, and books necessary to the exercise of a trade, calling, or profession by which he earns his livelihood, in whole or in part; * * *.”
This question has previously been answered in the case of Mounger v. Ferrell, 11 So.2d 56 (La.App., 2d Cir., 1942), in which case this court held that the provisions of the homestead exemptions as provided in the Constitution are separate and distinct laws from the exemption from seizure provided by statutory law (Code of Practice Article 644 at the time this case was decided). It pointed out that Article 644 was in existence long before the homestead exemption provisions were enacted into the Constitution and that the constitutional exemption could only be exerted by the head of a household whereas the statutory exemptions relating to “tools of one’s trade” may be claimed by one who is not the head of the family.
Although the exemptions formerly provided by Code of Practice Article 644 are now incorporated into R.S. 13:3881, we believe the holding in the Mounger v. Ferrell case is still the law on this question, and that the property found to be exempt under the provisions of R.S. 13:3881 is not subject to seizure without a waiver of the right by the defendant. The conclusion of the trial court is correct in this respect.
However, it appears that the judgment rendered was in error in completely dissolving the writ of fi. fa. and should have only modified same to release the exempt property from its effect.
For the reasons assigned the judgment appealed from is reversed insofar as it completely dissolves the writ of fi. fa. issued by the City Court of Monroe and is hereby amended to release from the effect of said writ of fi. fa. the flat-bed Chevrolet Winch truck and other tools of defendant’s trade as found by the trial court which were previously seized by the City Marshal of Monroe. The judgment is affirmed in all other respects and costs in this Court are to be paid by plaintiff-appellant.