215 So.2d 208 (1968)
Bruce MOREIN and/or Morein Motor Co., Inc., Plaintiffs-Appellants-Appellees,
v.
G. J. DEVILLE LUMBER CO., Inc., et al., Defendants-Appellees-Appellants.
No. 2470.
Court of Appeal of Louisiana, Third Circuit.
October 31, 1968.
Preston N. Aucoin, Ville Platte, for plaintiffs-appellants.
Fusilier, Pucheu & Soileau, by, J. William Pucheu, Ville Platte, for defendants-appellees.
Before TATE, FRUGE and SAVOY, JJ.
*209 SAVOY, Judge.
This is a suit for damages for breach of contract filed by Bruce Morein and/or Morein Motor Company, Inc., against G. J. Deville Lumber Company, Inc. and Western Surety Company. It is alleged that G. J. Deville Lumber Company, Inc. agreed to construct a building according to certain plans and specifications for a certain price, to be completed no later than February 3, 1967, and that a bond was executed for the faithful performance of the building contract with Western Surety Company as surety. Plaintiffs allege that defendants were put in default timely, but the building was not ready for occupancy until June 20, 1967, and as a result of the breach of contract plaintiffs suffered damages for additional rent, loss of profits, loss of good will, humiliation and embarrassment, loss of future profits and attorney's fees in the total amount of $198,575.00.
Defendants filed an exception of no cause or right of action against Bruce Morein, individually, alleging that he had signed the contract in his capacity as president of Morein Motor Company, Inc., and that the parties to the contract were G. J. Deville Lumber Company, Inc. as contractor, and Morein Motor Company, Inc. as owner. After a hearing the exception was sustained, and judgment was entered dismissing the claim of Bruce Morein individually. Mr. Morein filed an appeal to this Court.
Defendants also filed an exception of prematurity, alleging that Morein Motor Company, Inc. had never put them in formal default. This exception was referred to the mertis.
Defendants then filed an answer and reconventional demand to the petition of Morein Motor Company, Inc. For convenience hereafter in writing this opinion, Morein Motor Company, Inc. will sometimes be referred to as "plaintiff", and G. J. Deville Lumber Company, Inc. will sometimes hereinafter be referred to as "defendant".
The answer admitted that a bond was executed by Western Surety Company, but alleged that the bond was never executed by defendant. It was admitted that certain letters of demand were received from Preston N. Aucoin, attorney, but it is denied that such constituted a formal putting in default. It was further alleged that defendant did everything within its power to complete the building in accordance with the contract and before the delivery date specified, but was unable to do so due to circumstances beyond its control, which circumstances were brought about by the actions of plaintiff in requesting a prefabricated metal building from Hou-Tex Construction Company, Inc. which could be obtained for about $3,000.00 less than a building originally proposed by defendant. It is alleged that delays were encountered when Hou-Tex failed to deliver, and then subsequently defaulted; and defendant had to make certain adjustments for fitting a prefabricated metal building furnished by American Buildings Company on the concrete slab that had been poured to meet the specifications of the Hou-Tex building. Defendant's reconventional demand asks for judgment against plaintiff for $3,000.00 for the additional cost of providing the building furnished by American Buildings Company.
Plaintiff filed an answer to the reconventional demand, denying all of the allegations, and alleging that the reconventional demand stated no right and/or cause of action inasmuch as it was a purported attempt to vary the terms of a written contract by parol evidence.
After trial on the merits, the exception of prematurity was rejected, and judgment was rendered for plaintiff in the amount of $2,475.00. From this judgment on the merits, defendant has appealed, and plaintiff has answered the appeal.
The record shows that Bruce Morein is president of Morein Motor Company, Inc., an automobile agency in Ville Platte, Louisiana. Bids were advertised to be opened *210 June 17, 1966, for the building of the "New Morein Motors Building for Bruce Morein, Ville Platte, Louisiana" on land purchased by the corporation earlier that year. A number of bids were received, including one by defendant, and the lowest bid was by J. P. Vanway of Lafayette. No bid was accepted, and further negotiations ensued between plaintiff and defendant, and at least one other contractor. On July 12, 1966, a contract was signed for defendant to construct the building in accordance with the plans and specifications for the price of $82,470.00.
The first paragraph of the contract indicated that "Bruce Morein" was the "owner", and the signature of the "owner" at the end was as follows: "OWNER: MOREIN MOTORS, BY: s/ BRUCE MOREIN, PRES.". In this connection Morein testified he signed for the corporation, and that the land and building was owned by the corporation. This was corroborated by the income tax returns filed in the record.
The contract stipulated that work would be commenced not later than July 18, 1966, and would be fully completed not later than February 3, 1967. It provided for monthly progress payments on account of the contract for 90% of all materials and workmanship incorporated in the work, as estimated by the architect. The contract did not provide for attorney's fees on default of either party, nor did it stipulate any penalty or demurrage upon the failure of defendant to complete the building by the time specified.
Work began as scheduled and progressed normally through the point where the concrete slab was completed in September. By early November it was learned that Hou-Tex Construction Company, Inc. had defaulted and could not deliver as promised. The defendant then contracted with American Buildings Corporation to furnish the prefabricated steel building. On February 3, 1967, the completion date, the prefabricated steel building had only been delivered to the site of the concrete slab.
By letters dated February 3 and February 4, 1967, signed by Bruce Morein and his attorney, defendant was placed on notice that if it defaulted in its obligation to complete the building by February 3, 1967, damages would be sought for breach of contract. Copies of the letters were sent to Western Surety Company.
Plaintiff moved from its prior location to make room for new tenants and into the new building on June 20, 1967, even though the new building was not fully completed. A portion of the premises, such as a storage area and the parts room had been partially occupied a period of time before June 20, 1967. Plaintiff began conducting its business from the new location on June 21, 1967. As of May 29, 1967, the plaintiff's architect made a report showing some 44 minor items in need of correction or completion. By July 24, 1967, he recommended acceptance of the building as being substantially completed.
It was stipulated at the trial that plaintiff paid rental at its prior place of business for the period of time between February 3, 1967, and June 20, 1967, in the amount of $2,475.00, this being based on its regular rental at that location of $515.00 per month.
The district court found that defendant had failed to complete the building timely, and that plaintiff sustained damages of $2,475.00 in rental which it was required to pay to maintain its business at its prior location. The district court also held that plaintiff failed to prove by a preponderance of the evidence that it sustained any other damages as a result of defendant's failure to complete the building by February 3, 1967. No award was granted for attorney's fees since there was no provision therefor in the building contract.
The appeal by Bruce Morein, individually, from the judgment on the exception, and the appeal and answer to the appeal from the judgment on the merits, are now before us for consideration.
Bruce Morein, individually, maintains that the district court erred in finding that *211 he was not a party to the building contract, and requests that the case be remanded for the purpose of allowing him to prove damages for mental anguish, humiliation, embarrassment, etc. Plaintiff, Morein Motor Company, Inc., maintains that the district court erred in not making an award to plaintiff for loss of profits, loss of good will and for attorney's fees; and further asks this Court to award it damages for a frivolous appeal by defendant.
Defendant maintains the district court was correct in its holding that Bruce Morein, individually, had no cause or right of action. Defendant maintains the district court erred in allowing rent as a separate element of damages where no interruption or loss of business was proved. In this connection it is urged that plaintiff did not pay any additional rent, but that the rent and operation of the business remained the same at its prior location, and accordingly, plaintiff had not proved he suffered any additional rent as prayed for. In the alternative, it is urged that the award for rental was excessive for the months indicated, and should be reduced by $1,030.00. It is further maintained that plaintiff did not carry the burden of proof that it sustained any loss of profits or other damages, and that attorney's fees are not allowable in this instance as there was no provision therefor in the contract.
First, with reference to the appeal of Bruce Morein, individually, this Court finds no error in the holding of the district court. Bids were advertised for the construction of the new "Morein Motors" building for Bruce Morein. Morein Motors had been incorporated for some ten years. It is a family corporation, with Bruce Morein its president. The contract was signed by the "owner", "Morein Motors", by "Bruce Morein, Pres.". It is obvious he was signing the contract for the corporation as its president. Additionally, the letter of acceptance of the "New Morein Motors Building" dated August 22, 1967, was signed by "Morein Motors, Inc., by Bruce Morein". Any possible uncertainty or ambiguity as to the identity of the contracting party was dispelled by the testimony of Mr. Morein that he was acting for the corporation when he signed the contract. The building was built on land owned by the corporation, and is shown on the tax returns filed in evidence as an asset of the corporation. Accordingly, we affirm the trial court judgment dismissing the suit.
Now turning to the case on its merits, the record is clear that defendant defaulted in not completing the building by the time specified in the contract. The issues presented are whether or not plaintiff proved any damages as a result of the default; and if so, how much, and whether or not attorney's fees are allowable in this case.
After carefully reviewing the record, we concur in the finding of the district court that plaintiff failed to prove by a preponderance of the evidence that it suffered any loss of profits or good will. As pointed out by counsel for plaintiff, it is true that the net income of the business during the months of February through June of 1967 was less by $6,000.00 and $5,000.00 than for the same months in the years 1966 and 1965. Also, the net income of the corporation declined from $25,179.50 in 1966 to $23,009.06 in 1967. 1965 net income was $23,747.76. However, the record shows that the cause of the reduction in income from 1966 to 1967 was an increase in expenses and not a reduction in gross income. The tax returns show the plaintiff's deductions from gross income totalled $133,360.50 in 1967, as compared to only $110,706.60 in 1966. Gross profits, excluding depreciation, for the first six months of the years 1965, 1966 and 1967, rose from $56,157.62 in 1965, to $74,058.69 in 1966, to $79,295.12 in 1967. Gross receipts rose from $925,764.48 in 1965, to $1,091,102.44 in 1966, to $1,172,516.61 in 1967. There was an increase in expenses for salaries, bad debts, insurance, taxes, advertising, depreciation, and other items. Other expenses *212 decreased somewhat, but the total expenses increased in 1967. This was due at least partly to the increased expenses at the new place of business. It would normally be expected that certain expenses, such as advertising, would increase on a move to a new location by a business such as that of plaintiff. However, the only item of expenses which was proved to be specifically related to this case was that of rental, which will be discussed hereinafter in this opinion.
Now, turning to the claim of loss of good will. Bruce Morein testified in general that several people asked him why his building was not being completed as he told them it would. However, he would not name anyone in particular, and there was no corroborative evidence that plaintiff sustained a loss of reputation. There was only this vague testimony of Mr. Morein. This certainly did not establish with legal certainty any loss of good will to plaintiff.
Attorney's fees are not allowable in a case of this nature, since there is no applicable statute, unless there is a specific provision therefor in the contract, and there was none in this case. See: Comment, Attorney's Fees as an Element of Damages in Louisiana, 34 Tul.L.Rev. 146 (1959), the cases of Hargroder v. Trinity Universal Insurance Company, 205 So.2d 133 (La.App. 1 Cir. 1967), and Hebert v. Claude Y. Woolfolk Corp., 176 So.2d 814 (La.App. 3 Cir. 1965), and authorities cited therein.
The next item for our consideration is whether or not the district court erred in allowing plaintiff damages for the rental it paid at the old location from February 3, 1967, to June 20, 1967. There is no dispute as to the amount paid by plaintiff during this period of time. After giving due consideration to the arguments advanced by defendant, we conclude that the district court was correct in its holding. The request for "additional rent" in plaintiff's petition need not be construed as an increased rental, but was properly construed as rent paid beyond February 3, 1967, until the date of occupancy by plaintiff of the new building. We see no reason why plaintiff cannot prove rental as a specified item of damage, apart from showing an over-all loss in net income. There are too many variable elements in the business of plaintiff not subject to exact analysis, to require exact proof on the basis of over-all net income from operations. The sales of the business of plaintiff varied from month to month, as did many of the expenses. The new location may have attracted certain sales and lost others. The accounting procedures also, especially as related to depreciation of the new building and equipment, and as to certain "hold-backs", make it difficult to compare net income of one period of time to another. Although plaintiff possibly suffered some losses because of defendant's default, proof of this would be difficult, if possible at all, on an over-all basis. Under the circumstances of this case, we find no manifest error in the district court's use of the loss of rental as a basis for assessing the damages sustained by defendant as a result of the breach of contract by plaintiff. Nor do we find any manifest error in that court's allowance of the amount of rental for the full period of time from February 3, 1967, to June 20, 1967.
This Court finds no merit in the contention of plaintiff that defendant filed a frivolous appeal, and accordingly, that claim is rejected.
For the reasons assigned, the judgment of the district court dismissing the suit of Bruce Morein, individually, is affirmed. The judgment of the district court on the merits is also affirmed. Costs of appeal are assessed one-half to Bruce Morein, individually, and Morein Motor Co., Inc., and one-half to defendant, G. J. Deville Lumber Company, Inc.
Affirmed.