222 So.2d 899 (1969)
Hurley MOSES et ux., Plaintiffs-Appellees,
v.
AMERICAN SECURITY BANK OF VILLE PLATTE, La., Defendant-Appellant,
v.
Elin PITRE, Sheriff of Evangeline Parish, Third-Party Defendant-Appellee.
No. 2676.
Court of Appeal of Louisiana, Third Circuit.
May 22, 1969.
*901 Preston N. Aucoin, Ville Platte, for defendant-appellant.
Fruge & Foret, by Jack Fruge, Ville Platte, for plaintiffs-appellees.
Fusilier, Pucheu & Soileau, by A. Gaynor Soileau, Ville Platte, for third-party defendant-appellee.
Before TATE, SAVOY, and HOOD, JJ.
TATE, Judge.
This is a suit to dissolve a wrongful seizure under fieri facias and to recover damages from the judgment creditor. The latter appeals from judgment rescinding the writ of fieri facias as unlawful, vacating the seizure, and awarding the judgment debtor total damages of $280. The plaintiffs answer the appeal to pray for an increase in the award.
The principal issues of this appeal are:
(1) Was the seizure unlawful; and, if so, was any invalidity cured by the failure of the judgments debtors to perfect a suspensive appeal within the applicable delay?
(2) Were the judgment debtors entitled to attack the seizure as unlawful by these summary proceedings to annul and rescind it, instead of by enjoining same?
(3) What damages are allowable, if the seizure was indeed unlawful? and
(4) If the seizure was unlawful, is the judgment creditor, cast for damages, entitled to be indemnified by the seizing sheriff?[1]

*902 I.
In a prior suit, the plaintiff ("American Security Bank") had confirmed a default judgment against Hurley Moses and wife on October 16, 1968. Immediately after confirmation, American Bank's attorney instructed the deputy clerk to issue a writ of fieri facias to seize certain property belonging to the Moses's. The property was seized two days later, on October 18th.
The seizure was unlawful. Article 2252 of the 1960 Code of Civil Procedure provides that the judgment creditor may not proceed with the execution of his judgment until after the delay for a suspensive appeal has elapsed. Under Article 2123, a 15-day delay for taking a suspensive appeal is given, which does not commence to run until after the expiration of the three-day delay to apply for a new trial, Article 1974 (or its denial, if one is applied for). The judgment debtor by timely proceeding may secure relief from the premature issuance and seizure under fi. fa. Greene v. Johnson, 21 La.Ann. 464; Landry v. Dickson, 7 La.Ann. 238, 242; Boudreaux v. Allstate Finance Corp., La.App. 1st Cir., 217 So.2d 439; State ex rel. Mitchell v. Cohn Flour Co., La.App. 1st Cir., 17 La.App. 108, 135 So. 385.
The judgment creditor contends that, nevertheless, any initial invalidity of the seizure because of prematurity was cured. In so contending, the creditor relies upon the jurisprudential rule that, although a premature execution may be dissolved within the suspensive-appeal delay as an irregularity, this irregularity is waived (as between the judgment creditor and the judgment debtor) by the failure of the judgment debtor to perfect a suspensive appeal within such delay; this waiver ratifies and makes valid the premature seizure. Wheeling Potter v. Levi & Co., 48 La.Ann. 777, 19 So. 752; Sowle & Ward v. C. W. Pollard & Co., 14 La.Ann. 287; Dayton v. Commercial Bank, 6 Rob. 17; Kimber-Murphy Mfg. Co. v. Vestal, La.App.2d Cir., 43 So.2d 508; O'Keefe and Simpson v. Main Street Pharmacy, 1 Cir., 8 La.App. 443. See also Official Revision Comment (b), Article 2252.
In the present instance, however, the delay for taking a suspensive appeal had not even commenced (let alone, expired) on the date (October 21st) the judgment debtor filed this suit to dissolve the unlawful seizure, nor on the date (November 7th) that the trial court granted judgment herein dissolving the premature seizure as unlawful.
In the original suit, the default judgment was obtained on the basis of domiciliary service upon the Moses's 13-year-old child. (The Moses's claimed that the child forgot to give them the original suit papers.) Article 1913 provides that the defendant must be given notice by service by the Sheriff of the signing of a default judgment obtained against him on the basis of domiciliary service.
The delay to apply for a new trial, Article 1974, or for an appeal (Kinchen v. Kinchen, La.App. 1st Cir., 211 So.2d 91; Viator v. Grain Dealers Mut. Ins. Co., La.App.3d Cir., 178 So.2d 378), does not commence to run until such notice is given. No notice of judgment whatsoever had been given to the defendants before their suit to dissolve the illegal seizure or before the judgment entered below.[2] Since the delay to take a suspensive appeal had not commenced to run, the seizure was therefore at all times premature up to and including the time of the judgment dissolving it now appealed from.
We are not impressed with the creditor's further contention that the notice of seizure served on the debtors on October 18th (required by Article 2293) was sufficient to amount to a notice of judgment *903 (required by Article 1913), so as to commence the delay within which the suspensive appeal had to be taken.
Although no sacramental form is specified for Article 1913's written notice of judgment, the notice of seizure under LSA-CCP Article 2293 performs a different and a subsequent function. Seizure under fieri facias cannot take place until after the delay for applying for a new trial and taking a suspensive appeal has expired. Article 2252. In this instance, these delays could not even commence until after a notice of the signing of the judgment was given.
The contention that a notice of "seizure" can simultaneously be considered a notice of "judgment" is unsupported by any authority. If we upheld this contention, a debtor would be prejudiced in his legal right to prevent finality and execution of a trial court judgment by the simple and inexpensive procedure of applying for a new trial, without being required to inhibit the judicial sale under llegal writ through independent injunctive or summary proceedings to secure judicial relief prior to the adjudication.
The premature fi. fa. and the seizure thereunder thus constituted a wrongful seizure at the time of its dissolution by the trial court judgment below.

II.
On appeal, American Bank as judgment creditor reurges what was termed an exception of "no right and/or no cause of action" when filed before trial in the District Court. The sole ground urged by this exception is that the judgment debtors have no right or cause of action to dissolve a writ of seizure, except by filing injunction proceedings, applying for a new trial, or taking a suspensive appeal.
This argument is based solely upon the provision of Article 2298 that injunctive relief prohibiting an execution sale shall be granted when a sheriff is proceeding with an execution contrary to law. Such, of course, is an appropriate method by which to secure the annulment of an unlawful writ of fieri facias. The Code article does not, however, provide that this is the only way to secure relief from an improper-seizure.
The issuance of writs of fieri facias and attempts to modify them are regarded as incidental questions arising in the course of the litigation between the parties. Grayson v. Gray, La.App.2d Cir., 207 So.2d 916 and authorities therein cited. Summary proceedings may be used to try and dispose of incidental questions arising in the course of litigation. Article 2592(1). These include the modification or annulment of illegal or improvident execution seizures. Grayson v. Gray, cited below; Carroll Insurance Agency, Inc. v. Brewster, La.App. 2d Cir., 176 So.2d 808, certiorari denied, 248 La. 420, 179 So.2d 17 ("no error of law"). Cf. also Article 2294, recognizing that excessive seizures may be reduced by contradictory motion.
By the present suit, the judgment debtors sought not only the dissolution of the writ of fieri facias and the seizure thereunder, but also damages and attorney's fees. In the absence of specific legislative authority, it is doubtful that such independent relief is available through summary proceedings.[3]
However, the dilatory objection of unauthorized use of summary proceedings, Article 926(3), is waived unless specifically *904 pleaded prior to the trial. Article 2593. The exceptions here filed did not specify this as a ground for the objection, which ground is waived if not timely pleaded. Articles 924, 926, 928. Any objection to the use of summary proceedings herein to collect damages or attorney's fees was therefore waived. Younger Bros. v. Spell, 194 La. 16, 193 So. 354; In re Lomm, La. App.4th Cir., 195 So.2d 416.
The trial court properly overruled the exception insofar as it alleges the objection of no "right of action", because the plaintiffs do have a legal interest in the subject matter of the litigation. LeSage v. Union Producing Co., 249 La. 42, 184 So.2d 727; Bielkiewicz v. Rudisill, La.App. 3d Cir., 201 So.2d 136, 139. Insofar as the exception raises the objection of no "cause of action", it was likewise properly overruled, because, accepting the well-pleaded facts of the plaintiffs' petition as true, the latter states a cause of action entitling the plaintiffs to legal relief. Elliott v. Dupuy, 242 La. 173, 135 So.2d 54; Bielkiewicz v. Rudisill, cited above.

III.
In addition to dissolving the wrongful seizure, the trial court awarded $80 special damages and $200 attorney's fees. By its appeal, the creditor bank attacks the latter as not legally allowable and the former as only partially unproven. On the other hand, by their answer to the appeal, the debtors request the allowance of general damages for mental anguish, embarassment, and trespass arising out of the wrongful seizure, as prayed for.
Without detailed discussion, we shall simply state that the $80 special damages are adequately proved.
The appellant creditor correctly points out that a prevailing party is not allowed to recover his attorney's fees, in the absence of contract or statute expressly authorizing him to do so. Hernandez v. Harson, 237 La. 389, 111 So.2d 320; Morein v. G. J. Deville Co., La.App.3d Cir., 215 So.2d 208. Although statutory provisions do permit the allowance of attorney's fees for dissolution of improper seizures under writs of attachment, sequestration, or injunction, Articles 3506, 3608, we could find none authorizing the imposition of such damages for dissolution of a wrongful seizure under the writ of fieri facias.
We must therefore disallow the recovery of the attorney's fees of $200 allowed by the trial court.
On the other hand, as pointed out by the answer to the appeal, our trial brother erred in failing to allow general damages to the judgment debtors, as prayed for, arising out of the wrongful seizure. A party aggrieved by a wrongful seizure is entitled to recover not only the special damages caused him thereby, but also general damages (if proven) by way of mortification, humiliation, mental worry, etc., caused by this intentional violation of his property rights. Hernandez v. Harson, 237 La. 389, 111 So.2d 320; Hindelang v. Collard Motors, 200 La. 569, 8 So.2d 600; Walker v. J. J. Ellis Lake Providence Furniture Co., La.App.2d Cir., 107 So.2d 550; Jackson v. Kirschman, La.App.Orl., 175 So. 105. See also Vercher v. Toda Enterprises, La.App.3d Cir., 216 So.2d 318.
The evidence fully establishes such general damages. The debtors' school bus was seized by the prematurely issued writ of fieri facias. He was deprived of its use for five days, three of them school days. The disruption of school transportation induced the parish school board to intervene with the parish sheriff after three days to request the release of the bus to the debtor as sheriff-appointed keeper (Article 326).
The wrongful seizure's disturbance of the debtor in the performance of his school duties cause him real inconvenience and emotional distress. An award of $200 general damages seems appropriate.
In summary, therefore, we disallow the award of $200 for attorney's fees but allow general damages in the same amount. We *905 thus affirm the total award of the District Court (although on different grounds).

IV.
The appellant creditor's final contention is that it is entitled to recover from the seizing sheriff any damages for which cast because of the wrongful seizure executed by the sheriff. The creditor bank asserted this claim against the sheriff by third-party demand.
The trial court correctly dismissed this demand as unfounded in law. Article 1913 provides that the notice of the signing of the default judgment must be served by the sheriff, when obtained on the basis of domiciliary service against a defendant who did not apply by exception or answer. However, this Article does not provide that the sheriff has any duty to do so in the absence of instructions by counsel or the clerk of court.
The sheriff does indeed have a ministerial duty to serve process and to execute writs directed to him by the courts, Articles 321, as issued by the clerk of court, Article 252. However, we are directed to no authority which requires the sheriff to ascertain when notices of judgments must be served or which requires him to investigate whether such has been done, if required, before executing a writ of fieri facias directed to him.
Instead, the writ is issued only at the request of the judgment creditor. Article 2253. Upon receiving it, the sheriff is required to execute it promptly and to make a return to the clerk. Article 2254. Cf., Bloomfield v. Jones, 2 La.Ann. 936. By the writ, the sheriff is directed to seize and sell property belonging to the judgment debtor and to make return to the court. LSA-R.S. 13:4283.
Thus, the control of when and if a writ of fieri facias shall issue following judgment is in the hands of the judgment creditor, not of the sheriff or clerk of court. Articles 2252, 2253. The seizing creditor is solely responsible for damages caused by wrongful seizure through the premature issuance of the writ at his request.
The trial court therefore correctly dismissed the present creditor's third-party demand against the sheriff to be indemnified for damages caused by the wrongful seizure resulting from the premature writ issued upon the instructions of the seizing creditor itself.
Decree
For the reasons stated, we affirm the judgment of the District Court. The defendant-appellant is cast with the costs of this appeal.
Affirmed.
NOTES
[1] The judgment also dismissed the judgment creditor's third-party demand against the parish sheriff. This demand was based upon the contention that the sheriff was responsible if the seizure was unlawful.
[2] The record shows that after this judgment a notice of the judgment in the original suit was issued and was served upon the judgment debtors on November 8th and 9th respectively.
[3] For instance, Article 3506 permits the allowance of damages and attorney's fees to be urged by motion to dissolve an improper writ of attachment or injunction, while Article 3608 allows similar relief in connection with motions to dissolve wrongfully issued temporary restraining orders or preliminary injunctions. No similar authority is cited to us permitting the award of damages or attorney's fees in summary proceedings dissolving wrongful seizures under writs of fieri facias.