SAMUEL, Judge.
By virtue of a judgment rendered in this matter, plaintiff was a creditor of Emile *728 Espadron, Jr. the defendant herein. Plaintiff executed that judgment by a writ of fieri facias, instructing the sheriff to seize a certain automobile. After the seizure had been made, Alexander Espadron, Emile’s brother, filed an intervention claiming ownership of the seized property and seeking injunctive relief and damages for present and future loss of use of the vehicle, inconvenience, mental anguish and attorney’s fees.
The intervention first was heard by the trial court on the injunctive question. Following that hearing, judgment was rendered granting a preliminary writ of injunction, restraining, enjoining and prohibiting the plaintiff and persons acting in his behalf or on his direction from proceeding with the sale of the seized automobile, and ordering the sheriff to return the car to the intervenor. Following the second hearing on the question of damages, there was judgment in favor of the intervenor and against the plaintiff in the sum of $500 for attorney’s fees. Plaintiff has appealed from both judgments. Intervenor has not appealed, nor has he answered either appeal taken by the plaintiff.
In this court plaintiff makes two contentions: (1) The seizure was proper in that, although title to the seized vehicle was in the name of the intervenor, the sale to him was a simulated one and the judgment debtor-defendant, Emile, was the true owner of the car; and, alternatively, (2) the award of attorney’s fees as damages is improper and, since the intervenor has not appealed or answered the second appeal, he is not entitled to any damages even in the event of an affirmance of the first judgment.
The record contains the testimony of the plaintiff, the intervenor, the judgment debtor-defendant, employees of the National American Bank and Garrard Chevrolet (who appeared in connection with returns of subpoenas duces tecum), the Garrard salesman who sold the seized automobile, a Plaquemines Parish deputy sheriff, and two employees of General Motors Acceptance Corporation. All exhibits offered at the trial were withdrawn by counsel and do not form part of the record.
From the record as thus made up, we find the following facts: The seized automobile was a new 1972 Chevrolet purchased from a New Orleans Chevrolet dealer, Garrard, shortly before the seizure. The sale was made by the dealer to the in-tervenor, the bill of sale was in interve-nor’s name, financing of the unpaid purchase price was accomplished by a means of a chattel mortgage taken by General Motors Acceptance Corporation, and the intervenor was the sole person obligated to pay that corporation. However, a 1969 Chevrolet automobile owned by the defendant was used as the down payment on the purchase price of the new automobile; both the intervenor and the defendant, his brother, examined the car and talked to the salesman prior to the purchase; and the new car was picked up by the defendant and thereafter used by him almost exclusively.
The record does not establish the exact length of time the new car was used by the defendant or others following its purchase and prior to its seizure. The testimony does show the 1969 Chevrolet was traded in free of encumbrances and the loan on that car was paid out in January, 1972. As the intervention was filed on February 17, 1972, it appears the seized automobile could have been used for only one month, more or less.
Intervenor and the defendant testified the latter had given the 1969 Chevrolet to the former in part payment of an indebtedness of approximately $800, an indebtedness which had arisen over several years as a result of loans made by the intervenor to the defendant for use in his business; and that the defendant was given the use *729 of the car because he then was without an automobile and needed one for transportation in connection with his business.
While these facts do include some suspicious circumstances, we find no error in the trial court’s conclusion that the sale by Garrard Chevrolet to the intervenor was not a simulated sale. Thus, we find plaintiff’s first contention is without merit.
As to plaintiff’s second contention, the argument relative to the impropriety of the award of attorney’s fees as damages is correct. In the absence of a contract or statute expressly authorizing the same, attorney’s fees cannot be awarded. Here there is no such contract; and, although LSA-C.C.P. Art. 3506 permits the allowance of attorney’s fees for dissolution of improper seizures under writs of attachment or sequestration, our attention has not been called to any statutory provision authorizing the imposition of attorney’s fees for dissolution of a wrongful seizure under a writ of fieri facias and we know of none. Attorney’s fees as damages therefore must be disallowed.[1]
The remainder of the second contention, relative to the argued fact that the interve-nor-appellee cannot obtain any damages at all in this court in the appeal taken by the plaintiff, presents a more complex problem. The trial court judgment awards only attorney’s fees as damages; we disallow any award for attorney’s fees; the intervenor has not appealed nor has he answered the appeal taken by the plaintiff from the judgment which awards attorney’s fees as damages; and LSA-C.C.P. Art. 2133 requires that an appellee who desires to have the judgment appealed from modified or revised must file an answer to the appeal.[2]
In response to the contention under discussion, intervenor argues he has proved general damages in excess of the $500 awarded by the trial court and that he is satisfied to allow the judgment to remain in that amount. Therefore, he further argues, there is no need to change the judgment; the difference in label, i. e., general damages rather than attorney’s fees, is of no significance insofar as the requirement for an answer to the appeal is concerned; and the award of $500 should not be disturbed.
We agree the evidence establishes $500 as an appropriate amount which should be awarded as general damages. The interve-nor was deprived of the use of his new automobile for approximately two months, he did prove some mental anguish and embarrassment, and he also proved a probable loss of warranty benefits because he was unable to bring the car back to the dealer within the required warranty time.
We are not impressed by plaintiff’s response to intervenor’s argument, that general damages as distinguished from attorney’s fees is more than a label because general damages are to be retained by the intervenor himself while he receives attorney’s fees only for the purpose of paying those fees to his attorney. The same argument could be made about any special damages, such as awards for loss of or repairs to damaged property, medical expenses, etc., which a successful litigant is obligated to pay to others. Here the intervenor seeks no change in the amount awarded to him; the amount is the essence of the award; and even if the award is based on different grounds, he remains obligated to pay his attorney.[3]
*730 Our conclusion is that the award of $500 should be affirmed, although on different grounds. Thus, we disallow the award as attorney’s fees but allow the same amount as general damages.
For the reasons assigned, the judgments appealed from are affirmed.
Affirmed.

. Moses v. American Security Bank of Ville Platte, La.App., 222 So.2d 899.

. In pertinent part LSA-C.C.P. Art. 2133 provides : “An appellee shall not be obliged to answer the appeal unless lie desires to have the judgment modified, revised, or reversed in part or unless he demands damages against the appellant. In such cases, he must file an answer to the appeal, stating the relief demanded, . . .” LSA-C.C.P. Art. 2133.

.The evidence establishes that $500 was the attorney’s fee agreed upon by intervenor and his attorney.