332 So.2d 206 (1976)
NASSAU REALTY CO., INC.
v.
Mrs. Edna Joann Guidry, wife of/and Alvarez A. BROWN, Sr.
No. 57222.
Supreme Court of Louisiana.
May 17, 1976.
*207 Arthur C. Reuter, Reuter & Reuter, New Orleans, for plaintiff-respondent.
John F. Robert, Garon, Brener & McNeely, New Orleans, for defendant-relator.
MARCUS, Justice.
Upon application of Mr. and Mrs. Alvarez A. Brown, Sr. to this court for remedial writs and a stay order, we granted an order staying the sale of their property seized under a writ of fieri facias following a default judgment rendered against them. Relators contended that the execution of this judgment by the judgment creditor (Nassau) was premature in that the delay for a suspensive appeal therefrom had not elapsed. We granted certiorari to review the merit of their contentions.
A recitation of the procedural history of this case is necessary for a proper understanding of the issues presented. Plaintiff filed suit against defendants on a mortgage note on October 18, 1974, claiming the balance due thereon and recognition of the mortgage securing same. Personal service was made on Mrs. Brown; domiciliary service was made on Mr.Brown. A judgment by default was entered against them *208 on November 12, 1974 and was confirmed in accordance with the demands in plaintiff's petition on November 19, 1974. The judgment creditor (Nassau) filed two motions to examine the defendants (judgment debtor rules), one dated January 16, 1975 and the other dated May 16, 1975. These motions were personally served on defendants on January 23 and May 21, respectively. Request for issuance of a writ of fieri facias was filed on September 25, 1975 by the judgment creditor (Nassau). Pursuant thereto, the Brown home was seized and the sale was set for December 11, 1975. On November 3, 1975, the Browns filed a "Motion for New Trial and to Annul Judgment." The motion alleged that defendants were lulled into a false sense of security by the president of Nassau, Rene J. Brunet, who advised them not to answer the lawsuit and who accepted several payments on the indebtedness after suit was filed. Defendants claimed that they were entitled to a new trial as well as to have the judgment annulled on the ground of fraud and ill practices. A hearing was held on this motion on November 7, 1975. It was denied by the district court on November 25, 1975 and notice of judgment was mailed by the clerk of court to counsel of record for each party on that date. On December 5, 1975, the Browns filed a petition for injunction to arrest the seizure and sale, to annul the default judgment and for damages. They also sought attorney fees.
In this petition, the Browns alleged that, since no notice of the signing of the default judgment, which was based on domiciliary service, was ever served on them pursuant to the provisions of article 1913 of the Code of Civil Procedure, the delay for applying for a new trial never commenced to run. Therefore, their application for a new trial filed on November 3, 1975 was timely, and the thirty-day delay for taking a suspensive appeal did not commence to run until the date of the notice of the refusal to grant the new trial was mailed on November 25, 1975. Thus, they claimed that their property had been seized before the delay for taking a suspensive appeal had elapsed. Injunctive relief was sought to prohibit the sheriff from proceeding with the sale of the property seized. The Browns also sought nullity of the default judgment reurging the same allegations contained in their previous motion for a new trial and nullity of judgment. They claimed damages and attorney fees resulting from this illegal seizure. The district court refused to sign an order restraining the sale of the property on December 5, 1975. Application made to the Fourth Circuit Court of Appeal was denied. Upon application to this court asserting the same allegations made in the courts below, we granted a stay order and certiorari to review the validity of the proceedings. In this court, Nassau filed a motion to dismiss for mootness, pointing out that the relators had never moved for a suspensive appeal in the district court and the time had now elapsed for such an appeal, i.e., more than thirty days had elapsed since the notice of the refusal to grant a new trial had been mailed by the clerk of court.
We first address ourselves to relators' primary contention that the seizure of their property under a writ of fieri facias was a premature execution of the default judgment rendered against them in that the delay for taking a suspensive appeal therefrom had not elapsed.
The default judgment rendered against the Browns on November 19, 1974 was based on personal service on Mrs. Brown and domicilary service on Mr. Brown. Article 1913 of the Code of Civil Procedure requires that notice of the signing of a default judgment against a defendant on whom citation was not served personally shall be served on the defendant by the sheriff, by either personal or domiciliary service. Therefore, since Mrs. Brown was personally served, no notice of judgment was required to be served on her. On the other hand, since Mr. Brown was not *209 served personally, notice of judgment was required to be served on him. Article 1974 provides that the delay for applying for a new trial shall be seven days, exclusive of legal holidays, and commences to run on the day after the judgment was signed except when notice of the judgment is required under article 1913 in which event the delay for applying for a new trial commences to run on the day after the sheriff has served the notice of judgment. Thus, the delay for applying for a new trial commenced to run on November 20, 1974 insofar as Mrs. Brown is concerned; however, it never commenced to run in regard to Mr. Brown, as he was not served with a notice of judgment as required by article 1913.
Since the delay for taking a new trial never commenced to run for Mr. Brown, his motion for a new trial filed on November 3, 1975 (some eleven months after rendition of the default judgment) was timely. Likewise, his action for nullity of judgment was also timely. La.Code Civ.P. arts. 2004, 2005 (1960).[1] Hearing on the motion for a new trial and nullity of judgment was conducted on November 7, 1975 and was denied by the trial judge on November 25, 1975, on which date notice of judgment was mailed by the clerk of court to counsel of record for each party in accordance with article 1913. Article 2123 provides that a suspensive appeal may be taken only within thirty days of the date of the mailing of notice of the court's refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under article 1914. The latter article provides that the delay for appealing suspensively from a judgment refusing to grant a new trial commences to run only from the date of mailing such notice as provided in article 2123. Therefore, the delay for taking a suspensive appeal by Mr. Brown did not commence to run until November 25, 1975 (date the notice of the court's refusal to grant his timely application for a new trial had been mailed by the clerk of court) and did not elapse until thirty days later (December 24, 1975). However, prior to the expiration of the delay for taking a suspensive appeal, Nassau (judgment creditor) proceeded with the execution of the judgment by requesting the issuance of a writ of fieri facias (September 25, 1975) under which the Brown property was seized and ordered to be sold on December 11, 1975.
Respondent, Nassau, argues that notice of the signing of the default judgment as required by article 1913 was supplied by the personal service upon Mr. Brown of the judgment debtor rules (January 23 and May 21, 1975); therefore, the delays for applying for a new trial and taking a suspensive appeal under articles 1974 and 2123 had expired at the time of the seizure and ordered sale under the writ of fieri facias. We do not agree.
In aid of execution of a judgment, a judgment creditor may examine the judgment debtor upon any matter relating to his property. La.Code Civ.P. art. 2451 (1960). Such action is clearly a form of execution of judgments. Article 2252 provides that a judgment creditor may proceed with the execution of a judgment only after the delay for a suspensive appeal therefrom has elapsed. Therefore, it would be contrary to the provisions of this article to permit a judgment debtor rule to supply the notice of judgment required by article 1913 to commence the delays for applying for a new trial and taking a suspensive *210 appeal. A notice of seizure was found not to be sufficient for notice of judgment as required by article 1913 so as to commence the delays for applying for a new trial and taking a suspensive appeal. Moses v. American Security Bank of Ville Platte, 222 So.2d 899 (La.App.3d Cir.1969). Even actual knowledge has been held not to waive service of the notice of judgment required by law. Hampson v. Hampson, 271 So.2d 898 (La.App.2d Cir.1972).
In the instant case, therefore, the delay for taking a suspensive appeal by Mr. Brown had not elapsed when the Brown property was seized and ordered sold under a writ of fieri facias. Hence, it was premature and constituted a wrongful seizure. La.Code Civ.P. arts. 1913, 1974, 2123, 2252.[2] Mr. Brown is entitled to have this illegal seizure dissolved as prayed for in his petition for injunctive relief filed on December 5, 1975 and rejected by the district court. La.Code Civ.P. art. 2298(1).
We next consider relators' application for a new trial and nullity of judgment which was included in our grant of certiorari. A review of the evidence adduced on the motion convinces us that there is no merit to their contentions. The testimony of the Browns was vague and uncertain. They simply claim that they were lulled into a false sense of security by the assurances of Rene J. Brunet, president of Nassau, not to worry about the lawsuit and that it was unnecessary for them to go to court. They further contend that this was evidenced by his acceptance of payments after suit was filed. Mr. Brunet denied that he made any such assurances to the Browns. On the contrary, he testified that he constantly warned them both verbally and in writing about the seriousness of the situation and that they were about to lose their house. In view of this factual dispute, resolution of which is based upon the credibility of the witnesses, we cannot say that the trial judge either abused his discretion in refusing to grant a new trial or erred in finding insufficient evidence to support relators' claim for nullity of judgment on the ground of fraud or ill practices. La.Code Civ.P. arts. 1973, 2004.
As previously noted, relators also sought damages and attorney fees for the illegal seizure of their property in their application for injunctive relief. Since the courts below did not find a wrongful seizure, they never reached these issues. The general rule in Louisiana is that attorney fees are not allowed except where authorized by statute or contract. Hernandez v. Harson, 237 La. 389, 111 So.2d 320 (1959); Moses v. American Security Bank of Ville Platte, supra; Morein v. G. J. Deville Lumber Co., Inc., 215 So.2d 208 (La. App.3d Cir. 1968). Although statutory provisions do permit the allowance of attorney fees for dissolution of improper seizures under writs of attachment, sequestrations or injunction (Louisiana Code of Civil Procedure, articles 3506, 3608), there are no provisions in law made for the recovery of attorney fees for damages for dissolution of a wrongful seizure of property under a writ of fieri facias. When such claim has been made, it has been rejected by the courts. Dubois v. Travelers Indemnity Company, 261 So.2d 94 (La.App.3d *211 Cir.1972); Moses v. American Security Bank of Ville Platte, supra. Thus the claim for attorney fees in the instant matter for wrongful seizure of the Brown property under the writ of fieri facias cannot be allowed.
The demand for other damages is a different matter. A party agrieved by the wrongful seizure is entitled to recover not only special damages caused him thereby, but also general damages (if proven) by way of mortification, humiliation, mental worry, etc. caused by this intentional violation of his property rights. Hernandez v. Harson, supra; Dubois v. Travelers Indemnity Company, supra; Moses v. American Security Bank of Ville Platte, supra. Hence, the right to claim these damages will be reserved to relators.
Finally, we find no substance in Nassau's motion for mootness filed in this court. Within the delay for taking a suspensive appeal, we granted a stay order and certiorari under our supervisory jurisdiction. Our review of the issues presented herein was therefore under these supervisory powers. Hence, whether or not the delay for taking a suspensive appeal has now expired is of no moment.

DECREE
For the reasons assigned, the judgment of the district court denying relators' motion for a new trial and nullity of judgment is affirmed; the judgment of the district court refusing to enjoin the sheriff from proceeding with the sale of the relators' property is reversed; the seizure of relators' property is dissolved and the writ of fieri facias issued pursuant to Nassau Realty Co., Inc.'s request dated September 25, 1975 is recalled and set aside; the right of Mr. and Mrs. Alvarez A. Brown, Sr. to claim damages for the illegal seizure is reserved. Nassau Realty Co., Inc. is cast with the cost of these proceedings.
NOTES
[1] In regard to Mrs. Brown, the delay for applying for a new trial as well as the delay for a suspensive appeal had expired. Article 2123 provides that a suspensive appeal must be taken within thirty days of the expiration of the delay for applying for a new trial, as provided by article 1974, if no application has been filed timely. Hence, the default judgment was final as to her. However, her action for nullity of judgment was timely. La. Code Civ.P. arts. 2004, 2005 (1960).
[2] It is conceded that the mortgage note which is the subject of this suit is a community debt. Hence, Mr. Brown, as head and master of the community, was the proper party defendant. La.Code Civ.P. art. 735; Cf. La. Civil Code art. 2404. It is also conceded that the property seized is community property. If a judgment is to serve as a basis for seizure of community property, the delay for taking a suspensive appeal from that judgment by the husband must have elapsed before the judgment creditor may proceed with the execution of the judgment. La.Code Civ.P. art. 2252; cf. R.D.M. Corporation v. Patterson, 255 La. 301, 230 So.2d 820 (1970).