LOTTINGER, Judge,
dissenting and concurring opinion.
I concur with that portion of the majority’s opinion that affirms the validity of the partition judgment, however, I respectfully dissent from the affirmance by the majority of the Trial Court judgment setting aside the judicial sale.
Inasmuch as notice of the partition judgment had not been served on the domiciliary served defendants in the partition suit, the partition judgment was not executory as to those defendants at the time of the judicial sale, the appeal time not having expired.
After much extensive research, no cases could be found that were directly on point.
In support of their position of setting aside the judicial sale because the judgment was not executory, the majority cites: Nassau Realty Co., Inc. v. Brown, 332 So.2d 206 (La.1976); Moses v. American Security Bank of Ville Platte, 222 So.2d 899 (La.App. *163 3rd Cir. 1969); and Boudreaux v. Allstate Finance Corporation, 217 So.2d 439 (La.App. 1st Cir. 1968). These cases were either injunctions to arrest the execution of a writ or a suit to dissolve. Importantly the judicial sale had not taken place.
More in line with the facts of this case, though not directly on point is Alfano v. Franek, 159 La. 498, 105 So. 598 (1925), wherein the court said:
“A sale made under the execution of a writ or process prematurely issued cannot be annulled solely on that ground.
“Conceding, therefore, that the sheriff was not authorized to advertise and sell the property until the judgment of this court had been returned and filed in the lower court, it was the duty of appellants to have taken the necessary steps to prevent the said sale. They could not remain silent, permit the execution of the process to go forward, and then, after the sale, be heard to say that the execution and sale were premature.”
In the instant case, the judicial sale was duly advertised in the official journal of the parish, and took place with the defendants doing nothing to stop it. They should not now be heard to complain.
Since notice of judgment had not been served, the appeal time as to some defendants had not yet run, but had run as to those personally served. As to those domi-ciliarily served, they could and did appeal. The majority affirms the judgment of partition, but yet in essence orders another sale, thus granting to those defendants a second chance.
The better rule is that expressed in Alfa-no, supra, in that “a sale made under the execution of a writ or process prematurely issued cannot be annulled solely on that ground.”
For these reasons I concur in part and dissent in part.