MARCUS, Judge.
MOTION TO DISMISS APPEAL
This is a devolutive appeal taken by the plaintiff from a judgment of the Family Court for the Parish of East Baton Rouge. The appellee has filed a motion to dismiss *93 the appeal. The sequence of events, which is crucial to our ruling on this motion, was as follows:
On April 29, 1968 the evidence was heard in the case, and the matter was taken under advisement by the trial court.
On September 17, 1968 the trial court issued written “Reasons for Judgment.” On September 24, 1968, counsel for the plaintiff, apparently believing that a final judgment had been signed, moved for a devolutive appeal, which motion was granted by the Family Court.
On October 25, 1968, a written judgment in accordance with the Reasons for Judgment handed down on September 17, 1968 was signed by the trial judge. On November 12, 1968, on motion of the counsel for the plaintiff-appellant, a devolutive appeal was granted returnable February 12, 1969.
On February 10, 1969, the appeal bond was posted by the appellant.
On March 31, 1969, the appellee filed in this court a motion for dismissal of the appeal based upon the contention that the appeal bond had not been timely filed.
Under Article 1913 of the Louisiana Code of Civil Procedure, “when a case has been taken under advisement by the court notice of the signing of a final judgment therein shall be mailed by the clerk of court of the parish where the case was tried to the counsel of record for each party, and to each party not represented by counsel. * * * The clerk shall file a certificate in the record showing the date on which, and the counsel and parties to whom, notice of the signing of the judgment was mailed.” Our examination of the record reveals that no notice was ever given of the signing of the judgment in this case.
It should be noted at this point that the appeal is from a judgment pertaining to the determination of accrued alimony and the amount owed thereunder. Accordingly, C.C.P. Articles 3942 and 3943, pertaining to regular alimony and requiring an appeal within thirty days, are not applicable.
The controlling article here under the Louisiana Code of Civil Procedure is Article 2087 which states that a devolutive appeal may be taken, and the security therefor furnished, only within ninety days of the expiration of the delay for applying for a new trial, if no application for a new trial has been filed timely.
Article 1974 of the Louisiana Code of Civil Procedure provides as follows:
“The delay for applying for a new trial shall be three days, exclusive of legal holidays. Except as otherwise provided in the second paragraph hereof, this delay commences to run on the day after the judgment was signed.
“When notice of the judgment is required under Article 1913, the delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913.”
In the instant case, the appeal bond was filed on February 10, 1969, which was some 108 days after the signing of the judgment on October 25, 1968, and was the ninetieth day after the granting of appellant’s motion for a devolutive appeal on November 12, 1968, as computed under the provisions of LSA-C.C.P. Article 5059.
It is clear that the Reasons for Judgment issued on September 17, 1968 did not constitute a judgment under LSA-C.C.P. Article 1918, which provides that when written reasons for the judgment are assigned, they shall be set out in an opinion separate from the judgment. See Deason v. State Farm Mutual Automobile Insurance Company, 204 So.2d 428 (La.App.3rd Cir. 1967). Therefore, the date of the signing of the judgment in this case was October 25, 1968. Accordingly the devolutive appeal which was taken on September 24, 1968 preceded the signing of the final judgment and is therefore ineffectual as an appeal.
*94 The general rule is that the delay for the taking of the appeal and the posting of the appeal bond does not begin to run until the notice of judgment, if one is required, has been given. One exception to this general rule was recognized in the case of X-L Finance Company v. Hollinger, 185 So.2d 873 (La.App.3rdCir. 1966). In that case the court held that the granting of a motion for appeal subsequent to the signing of a final judgment began the running of the ninety-day delay within which to perfect the appeal despite the fact that no notice of judgment was ever given.
In the instant case we find that the appeal bond was posted within ninety days of the granting of the appellant’s motion for an appeal on November 12, 1968. Accordingly we find that the appeal was perfected within the delay permitted by law. Therefore, for the foregoing reasons, the motin to dismiss the appeal is denied.
Motion denied.