ON MOTION TO DISMISS APPEAL
En Banc.
PER CURIAM.
This case is before us now on a motion filed by defendant, Marvin I. Aplin, to dismiss the appeal which was taken by plaintiff, J. I. Case Company. The sole ground urged by the defendant-mover is that the appeal was not taken within the 90-day delay allowed by LSA C.C.P. Art. 2087.
The record shows that judgment was rendered by the trial court on February 9, *646 1970. Neither party filed a motion for a new trial. Plaintiff obtained an order for a devolutive appeal on May 14, 1970, and an appeal bond apparently was filed on the same day.
The appeal would have been too late, and the motion to dismiss would be granted, if notice of the judgment had been mailed to the appellee on the day the judgment was rendered. The record, however, fails to show that notice of the judgment was mailed to counsel for either of the parties, as required by LSA C.C.P. Art. 1913, and thus there is no showing as to when the 90-day delay for taking a devolu-tive appeal began to run.
The minutes of the district court indicate that the case was tried and was taken under advisement some time prior to the signing of the judgment. They do not show whether counsel for either party was present when the decree was signed. The record does not contain a certificate of the clerk to the effect that notice of the judgment was mailed to either party, or to any counsel of record, and no showing has been made that such a notice was given.
Attached to the motion to dismiss is a certificate of the Clerk of Court which states “that the practice of this office is to hand a copy of judgments, rendered in this court to the attorneys of record or to mail one of them on the same day they are rendered. In mailing copies quite often there is no letter of transmittal along with the judgment.” In our opinion this certificate does not adequately show that notice of the judgment was mailed to counsel for the appellee on the date the judgment was rendered.
Article 1974 of the Louisiana Code of Civil Procedure provides that the three day delay for applying for a new trial commences to run “on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913.” Under the provisions of Article 1913, the three day delay for applying for a new trial does not begin to run in the instant suit until after notice of the judgment is mailed. Since no such notice has been given, the delay for applying for a new trial has not yet commenced to run. The appeal taken here is timely, therefore, since the 90-day period allowed by LSA C.C.P. Art. 2087 for taking a devolutive appeal does not commence to run until the expiration of the time allowed for applying for a new trial.
Our conclusion is that the appellee-mover has failed to show that the 90-day delay allowed for taking a devolutive appeal elapsed before the appeal was taken in the in the instant case. The motion to dismiss the appeal, therefore, is denied.
Motion denied.