On Motion to Dismiss Appeal

Before HOOD, CULPEPPER and MILLER, JJ.
HOOD, Judge.
Mrs. Patricia Beard Wood instituted this habeas corpus proceeding to obtain custody of her minor child. Judgment was rendered by the trial court awarding custody of the child to defendants. Mr. and Mrs. Edward Beard. Plaintiff appealed. Defendants filed a motion to dismiss plaintiff’s appeal on the ground that it was not taken timely, and the matter is before us now on that motion.
The sole issue presented is whether the appeal was perfected within the delays allowed by law.
When this suit was filed plaintiff was represented by Hon. Dudley P. Spiller, Jr., Staff Attorney with the Legal Aid Society of Baton Rouge. The case was tried and taken under advisement on April 21, 1972. The minutes show that judgment was rendered orally by the trial court on May 5, 1972, rejecting plaintiff’s demands.
On May 10, 1972, pursuant to a joint motion of Dudley P. Spiller, Jr., and the Legal Aid Society of Baton Rouge, Inc., an order was signed by the trial judge permitting Spiller to withdraw as counsel of record for plaintiff. That motion and order were filed in the record of this suit on May 12, 1972. In that motion the movers alleged that Spiller had resigned as staff *154 attorney for the Legal Aid Society, and that “the Legal Aid Society of Baton Rouge, Inc., shall continue to represent said plaintiff.”
Plaintiff filed a motion for new trial on the same day the above mentioned order was filed, May 12, 1972, although a formal decree had not been read and signed. That motion for a new trial was signed by Spiller, Staff Attorney for the Legal Aid Society, as counsel for plaintiff. We assume that it was prepared and signed by Spiller before he withdrew as counsel, but that it was not filed until after his withdrawal. The trial judge denied the motion for new trial on the day it was filed, May 12, 1972. The record shows that he wrote and signed a notation to that effect on the pleadings.
A formal judgment on the merits was read and signed in open court on May 18, 1972. On the same date notice of the signing of that judgment was mailed to Mr. Spiller, although Spiller had withdrawn as counsel for plaintiff six days before the notice was mailed. On May 19, 1972, the trial judge signed an order allowing Doris Falkenheiner, Assistant Director of the Legal Aid Society of Baton Rouge, to be enrolled as attorney of record for plaintiff.
No notice of the signing of the judgment rendered on May 18, 1972, was ever mailed to plaintiff, or to her present attorney, Falkenheiner, or to the Legal Aid Society of Baton Rouge, Inc. Spiller was out of town when such a notice was mailed to him. He returned to his office on June 1, 1972, however, and he received the notice on that date. He delivered it to Doris Fal-kenheiner on the same day.
We have noted that plaintiff filed a motion for a new trial and that that motion was denied before the judgment was read and signed. She did not file a motion for a new trial after the judgment of May 18, 1972, was read and signed. She appealed from that judgment on June 29, 1972, and she furnished an appeal bond on July 7, 1972.
Defendants argue that since the appeal was not perfected within 30 days after the denial of the motion for a new trial, it was not taken within the delay allowed by Articles 3942 and 3943 of the Louisiana Code of Civil Procedure, and that the appeal thus should be dismissed.
We agree that the above cited articles must be applied, and that plaintiff had 30 days from the appropriate date provided in LSA-C.C.P. art. 2087(1) within which to appeal. Under the last cited article the delay for appealing (30 days in this case) began to run from “The expiration of the delay for applying for a new trial, as provided in Article 1974, if no application has been filed timely. . . . ” LSA-C.C.P. art. 1974 provides that the 3 day delay for applying for a new trial “commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913." And, Article 1913 provides that when a case has been taken under advisement notice of the signing of a judgment “shall be mailed ... to the counsel of record for each party, and to each party not represented by counsel.”
The record in the instant suit shows that after the case was tried on its merits on April 21, 1972, it was “taken under advisement” by the court, and that plaintiff was not represented by counsel when the judgment was signed on May 18, 1972. A notice of the signing of that judgment was mailed only to Spiller, who had formally withdrawn as counsel for plaintiff six days before the judgment was rendered. No such notice was mailed to plaintiff.
Under those circumstances, we believe that notice of the judgment should have been mailed to plaintiff, and that the mailing of such a notice to her former attorney, who had withdrawn as counsel of record, was not sufficient to meet the requirements of LSA-C.C.P. art. 1913. Since notice of the judgment was never given properly, our conclusion is that the delay for applying for a new trial, and *155 thus the 30 day delay for taking an appeal in this case, had not begun to run before the present appeal was taken.
We have considered the fact that Doris Falkenheiner, the attorney who was enrolled as counsel of record after the judgment was signed, received actual notice of the judgment on June 1, 1972. We do not feel that the actual receipt of such a notice had the effect of causing the delays provided in LSA-C.C.P. arts. 3942 and 3943 to begin to run on the date of that actual receipt. We have pointed out that Article 1913 requires that notice of the signing of the judgment “shall be mailed," to the party not represented by counsel. The law does not authorize the substitution of an extra judicial notice for that of mailing, and we hold that the delivery of the notice by Spiller to Falkenheiner on June 1, 1972, was not sufficient to begin the running of the delay allowed for applying for a new trial. Viator v. Grain Dealers Mutual Insurance Company, 178 So.2d 378 (La.App. 3 Cir. 1965); J. I. Case Company v. Aplin, 236 So.2d 645 (La.App. 3 Cir. 1970); Weisgerber v. Weisgerber, 225 So.2d 92 (La.App. 1 Cir. 1969).
Defendants point out that plaintiff actually filed a motion for a new trial, which was denied on May 12, 1972. They argue that the delay for appealing thus began to run from the last mentioned date, despite the fact that the judgment had not been signed.
We held in Thompson v. Bullock, 236 So.2d 892 (La.App. 3 Cir. 1970), that an application for a new trial may be filed before a judgment is signed, but that when that is done the motion is considered as one to reopen the case for further evidence. In that case the motion was granted, and we held that the granting of a new trial before the final judgment was signed constituted “merely an exercise of its [the court’s] discretionary power to reopen the case for further evidence in the interests of justice.”
Applying the rule of Thompson v. Bullock, supra, we hold that the motion for a new trial filed by plaintiff in the instant suit constituted merely a motion to reopen the case for further evidence. It did not preclude plaintiff from applying for a new trial after the final judgment was signed. It did not constitute a waiver of plaintiff’s right to notice of the signing of the final judgment, and it did not alter the delays allowed by law for taking an appeal. To hold otherwise could lead to an intolerable situation. If we should hold in a case similar to this one, for instance, that the 30 day delay for taking an appeal began to run when the so called motion for a new trial was denied (prior to the signing of a judgment), then conceivably the entire delay for appealing could elapse before the judgment was signed and before plaintiff could legally take an appeal.
Our conclusion is that the 30-day delay for appealing provided in LSA-C.C.P. arts. 3942 and 3943 had not begun to run before the appeal was taken in this case, and that the appeal thus was taken and perfected timely.
The motion to dismiss the appeal filed by defendants-appellees is denied.
Motion to dismiss appeal denied.