LOTTINGER, Judge.
This is a suit for a cancellation of a judgment and reimbursement for overpayment of alimony. From a judgment ordering the cancellation of the judgment and denying reimbursement for overpayment of alimony, the defendant has appealed.
To better understand the facts in this case, it is necessary for us to present a little of the past history of this case. In November of 1952, the plaintiff and the defendant were divorced by judgment of the Nineteenth Judicial District Court in and for the Parish of East Baton Rouge. In that judgment no alimony or child support award was made. Subsequently, on November 13, 1961, a judgment was rendered awarding child support at $60.00 per month. On July 11, 1966, a judgment was *314 rendered for back due child support which judgment in part read as follows :
“IT IS ORDERED that the said rule be made absolute, and accordingly, that Conrad J. Weisgerber be and he is hereby condemned to pay to Mrs. Gaynell Babin Weisgerber the sum of One Thousand Ten and No/100 ($1,010.00) Dollars, said amount being due as of the date of the filing of the motion and rule, that is June 17, 1966, together with a legal interest on each back alimony payment from due date until paid.”
This judgment was signed on September 23, 1966, and filed at that time.
In March of 1968, Conrad J. Weisgerber filed a “Motion to Fix Alimony and Amend Judgment.” The main purpose of this pleading was to delete from the judgment of September 23, 1966, any reference to the assessment of interest. Judgment was rendered denying this motion and the facts surrounding this situation are more fully discussed by this Court at La.App., 225 So.2d 92 in the case entitled Weisger-ber v. Weisgerber.
A copy of the judgment rendered on July 11, 1966, and signed on September 23, 1966, and fixing the amount of back due alimony was filed in the mortgage records of the Parish of West Baton Rouge, Louisiana. This suit is an effort to have that judgment cancelled from the mortgage records of the Parish of West Baton Rouge. The petition in the instant proceeding was filed on October 3, 1969, and the plaintiff, Conrad J. Weisgerber, contends that since the date of the judgment he has paid in satisfaction the sum of $1,940.00, which is in excess of the value of the judgment. That despite the fact he has made amicable demand upon the defendant, she has refused to have said judgment cancelled, and it bears against certain real property owned by him in the Parish of West Baton Rouge. He further asks that he be reimbursed the difference between the amount of the judgment and the amount that he paid on the judgment, the difference being $829.04.
The defendant-appellant contends that this is simply another attempt to amend the judgment rendered on July 11, 1966, and signed on September 23, 1966, wherein the back due child support was fixed at $1,010.00 plus interest. She contends that this judgment was not appealed from, became final, and even though the judgment called for interest, wherein it should not have, no changes can be made to that judgment, and she cites our previous case of Weisgerber v. Weisgerber, 225 So.2d 92 (La.App. 1st Cir., 1966). It is her contention that once a judgment is final it cannot be amended, McGee v. McGee, 157 So.2d 312 (La.App. 4th Cir., 1963), and this is simply all that the plaintiff is attempting to do with the present suit.
It is clear to this Court that the language in the judgment in question “together with legal interest on each back alimony payment from date due until paid” simply means that legal interest is due on each back alimony payment from the date that each alimony payment was due, and not from the date that judgment was rendered or signed.
Further, if there is any question as to the intent of the judgment, and if it is subject to more than one interpretation, this Court may resort to the pleadings in the particular matter in order to clarify the intention. Lumbermens Mutual Casualty Company v. Younger, 158 So.2d 341 (La.App. 3rd Cir., 1963) held :
“When a final judgment is ambiguous or susceptible of two different constructions as regards material parts, resort may be had to the pleadings in order to clarify, if such be possible, ambiguities' and uncertainties.”
We note from the petition filed which led to the particular judgment in question that Mrs. Weisgerber prayed for “legal interest due from date of each payment until paid.” This to us seems to be very clear that she was intending to have the interest run from the date that each payment was due. Though the interest granted is not in ac *315 cordance with the established rule in this State, this Court cannot go beyond the facts as presented in an effort to correct this situation.
The record shows affirmatively that $1940.00 was paid on the judgment and no question of improper imputation of this amount to the judgment is raised. If full interest on the entire amount of the judgment were to be allowed from the date of the original child support award, November 13, 1961, until the date of the judgment rendered herein, October IS, 1971, the amount thereof would still not equal the $930.00 difference between the principal amount of the judgment and the amount paid thereon by the plaintiff. He is therefore clearly entitled to have the judgment cancelled.
Since he has neither appealed nor answered the appeal, the judgment below is final insofar as it denied his prayer for reimbursement of any overpayment.
The judgment appealed from is therefore affirmed at appellant’s cost.
Judgment affirmed.