BOLIN, Judge.
Defendant appeals from a judgment of the City Court of Monroe, Louisiana, rendered in favor of plaintiff for $998.12. Finding this court lacks jurisdiction to hear the case since the appeal was not timely perfected, the appeal is dismissed ex proprio motu.
Following the filing of the petition and answer the case was regularly tried on December 6, 1974. At the conclusion of the trial the judge announced there would be judgment in favor of plaintiff and against defendant for $998.12. Defendant filed a written application for a new trial on December 10, 1974. According to a notation written on the bottom of the application and signed by the judge, the motion was denied on December 26, 1974. The minutes of court also reflect the application was denied on December 26, 1974. A formal judgment in favor of plaintiff against defendant for $998.12 was signed on December 26, 1974.
On January 10, 1975, a written motion for a suspensive appeal was filed by counsel for defendant, which motion states among other things judgment was rendered on December 26, 1974, and a new trial was denied on December 27, 1974. An order granting the appeal was signed by the judge on January 10, 1975. The notice of appeal executed by the deputy clerk also states the judgment was rendered on December 26, 1974 and the new trial was denied on December 27, 1974. The appeal bond was signed and filed on January 16, 1975.
The procedure for appealing a judgment in a civil case from a city court, where the amount involved exceeds $100, is contained in Louisiana Code of Civil Procedure Article 5002, which provides in part as follows :
<< * * *
“A defendant shall incorporate in his answer all of the exceptions on which he intends to rely. No prior default is necessary, and judgment may be rendered as provided in Article 4896. Notice of the rendition of judgment is not necessary, except as provided in Article 4898. The delay for answering garnishment interrogatories shall be five days, exclusive of legal holidays.
“A new trial may be applied for within three days, exclusive of legal holidays, of the date of judgment, or of the service of notice of judgment when necessary.
“A devolutive or suspensive appeal to the proper appellate court may be granted if applied for within ten days after the expiration of the delay for applying for a new trial, or within ten days of the denial of a new trial.
“The suspensive appeal bond, as required by the applicable provisions of Article 2124, must be filed within the delays allowed above for a suspensive appeal.
“The devolutive appeal bond, as required by the applicable provisions of Article 2124, must be filed within the delays allowed above for a devolutive appeal.”
If this court accepts the correct date for the denial of the motion for a new trial as being December 27, 1974, the ten day period provided for appealing began to run on *490 December 28, and since the appeal bond was not filed until January 16, 1975, the appeal would clearly not be timely and this court would have no jurisdiction.
Because there is a conflict in the record as to whether the motion for a new trial was denied on December 26 or December 27, 1974, we shall direct our attention to the results if the date be considered as December 26, 1974.
In Wood v. Beard, 268 So.2d 152 (La.App. 3d Cir. 1972) the court refused to dismiss an appeal from a district court judgment, holding that the delay for taking an appeal did not begin to run from the date a motion for a new trial was denied where the denial was prior to the signing of a final judgment, citing Thompson v. Bullock, 236 So.2d 892 (La.App. 3d Cir. 1970). In Thompson the court held an application for a new trial may be filed before a judgment is signed but, when that is done, the motion is considered as one to reopen the case for further evidence.
Interpreting the case before us in the light of Wood and Thompson on the assumed premise that the motion for a new trial in the instant case was overruled either prior to or on the same day as the signing of the judgment, we hold defendant had three days, exclusive of legal holidays, from December 26, 1974 to apply for a new trial. Louisiana Code of Civil Procedure Article 5059 sets forth the manner of computing the three days allowed for applying for a new trial:
“In computing a period of time allowed or prescribed by law or by order of court, the date of the act, event, or default after which the period begins to run is not to be included. The last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday.
“A half-holiday is considered as a legal holiday. A legal holiday is to be included in the computation of a period of time allowed or prescribed, except when:
(1) It is expressly excluded;
(2) It would otherwise be the last day of the period; or
(3) The period is less than seven days.”
We note December 26, 1974 was on Thursday; Saturday the 28th, Sunday the 29th, and Wednesday, January 1, were legal holidays; therefore, under Article 5059, supra, the three days ended on January 2, 1975. If the ten-day period for perfecting an appeal began on January 3, 1975, it ended on January 13, 1975, the twelfth being a Sunday. The appeal bond, having been filed on January 16, 1975, was untimely and the judgment of the lower court became final. Barnes v. Edwards, 300 So.2d 846 (La.App. 4 Cir. 1974).
The appeal is dismissed at appellant’s cost.