333 So.2d 374 (1976)
Raymond Duane BOSWELL, Plaintiff-Appellee,
v.
JEFF CANTRELL HOMES, INC., et al., Defendants-Appellants.
No. 12896.
Court of Appeal of Louisiana, Second Circuit.
May 24, 1976.
*375 Maynard E. Cush, Shreveport, for defendants-appellants, Jeff Cantrell Homes, Inc. and Geoffrey Dale Cantrell.
Eatman & Hunter, by Robert E. Eatman, Shreveport, for plaintiff-appellee.
Before BOLIN, HALL and JONES, JJ.
HALL, Judge.
After his motion for a new trial was overruled as untimely, defendant, Geoffrey Dale Cantrell, devolutively appealed from a judgment rendered against him and Jeff Cantrell Homes, Inc., in the amount of $8,816.16 in favor of plaintiff, Raymond Duane Boswell. Appellant's sole specification of error is that the district court erred in holding the motion for new trial was not timely filed. Plaintiff-appellee has moved to dismiss the appeal as also being untimely.
Thus, the issues presented by this appeal concern the timeliness of defendant's motion for new trial and of his appeal. The basic question to be answered is whether the delay for applying for a new trial, and consequently the delay for taking an appeal, commenced to run because of the action of plaintiff in causing defendant to be examined as a judgment debtor and in seizing defendant's property by garnishment under a writ of fieri facias, even though the required notice of judgment was never mailed to defendant by the clerk of court in accordance with the provisions of LSA-C.C.P. Art. 1913. We answer the question in the negative, holding that defendant's motion for new trial and his appeal were timely filed.
Plaintiff originally sued Jeff Cantrell Homes, Inc. and Geoffrey Dale Cantrell, president and principal shareholder of the defendant corporation, seeking damages arising out of defendants' alleged breach of contract for the construction and sale of a home to plaintiff. Through counsel, Cantrell filed an exception of no cause of action praying that the suit be dismissed against him individually. Through the same counsel, Jeff Cantrell Homes, Inc. answered the petition denying liability and filed a reconventional demand for damages against plaintiff. Plaintiff filed a supplemental and amending petition alleging additional facts related to his claim against Cantrell individually. Cantrell, through counsel, filed an answer to the supplemental and amending petition on November 15, 1973. On the same date the attorneys representing both defendants filed a motion to withdraw setting forth that they were no longer counsel for defendants and desired to withdraw from the cause. An order was signed by the court permitting counsel to withdraw. The motion and order contained instructions that the defendant be served at El Conquistador Apartments in Shreveport. The record does not reflect that either defendant was given notice of the motion to withdraw.
Notice that the case was set for trial on January 15, 1974 was mailed to defendant, Cantrell, at the El Conquistador address *376 but was returned marked "addressee unknown."
Trial was held on January 15, 1974, with defendants neither present nor represented. The case was taken under advisement by the court and judgment was rendered on January 30, 1974 in favor of plaintiff as prayed for. Judgment was signed and filed on February 6, 1974.
The record does not reflect that notice of judgment was ever mailed to either defendant, although LSA-C.C.P. Art. 1913 requires notice of judgment to be mailed by the clerk of court to the defendant where a case has been taken under advisement.
On October 31, 1975, a motion for new trial was filed by Geoffrey Dale Cantrell based on grounds which can be summarized as follows:
(1) The judgment was contrary to the law and evidence;
(2) Defendant had no knowledge concerning the trial date;
(3) Defendant had no notice of the withdrawal of his counsel and defendant never lived at the address shown on the motion to withdraw;
(4) Defendant filed a petition in voluntary bankruptcy in February, 1974;
(5) Defendant's failure to be present for the trial and present defenses was not due to lack of diligence but was due to his belief he was represented by counsel;
(6) Defendant's first knowledge that a judgment was rendered against him was when he was summoned to appear before the Nineteenth Judicial District Court for East Baton Rouge Parish to appear and be examined as a judgment debtor and when his bank account in Baton Rouge was seized;
(7) Defendant never received any notice of judgment; and
(8) Defendant has valid defenses against the claims of the plaintiff.
Plaintiff filed an opposition to the motion for new trial to which were attached documents showing that in June, 1975, plaintiff filed in the Nineteenth Judicial District Court for the Parish of East Baton Rouge a petition to have the judgment declared executory and to examine defendant as a judgment debtor, and defendant was so examined. The documents attached to the motion also show that a writ of fieri facias was issued and defendant's bank account was seized by garnishment.
Defendant's motion for new trial and plaintiff's opposition thereto were heard by the court on the question of the timeliness of the motion only. The opposition to the motion for a new trial was sustained and the motion for a new trial was dismissed and overruled as not being filed within the delay allowed by law. Defendant appealed.
Defendant-appellant contends the trial court erred in overruling his motion for a new trial as untimely. Appellant bases his argument on LSA-C.C.P. Art. 1913[1] and *377 Art. 1974 [2]. Article 1913 requires notice of judgment to be mailed to parties unrepresented by counsel when a case is taken under advisement. Article 1974 provides that the delay for applying for a new trial commences to run on the day after the clerk has mailed or the sheriff has served notice of judgment, when notice of judgment is required by Article 1913. Notice of judgment was never mailed or served in this case. The delay for applying for a new trial never commenced to run and his motion for new trial was timely filed.
Plaintiff-appellee contends the trial court correctly held the defendant's motion for a new trial was untimely filed. The main thrust of appellee's argument is that the notice of examination as a judgment debtor served on defendant by the sheriff in East Baton Rouge Parish was effective as a notice of judgment and the delays for applying for a new trial began to run at the time defendant was served with that notice, some five months before he filed his motion for a new trial. Alternatively, appellee argues that defendant has waived notice of judgment or is estopped from complaining of lack of notice of judgment by his failure to apply for a new trial or to take any other steps in opposition to the judgment for a period of several months after gaining actual knowledge that the judgment was rendered. Appellee further argues in support of his motion to dismiss appeal that under LSA-C.C.P. Art. 2087[3] the delay for taking a devolutive appeal commenced to run upon the expiration of the delay for applying for a new trial since no application for a new trial was filed timely and that more than ninety days has expired since the expiration of the delay for applying for a new trial.
Since the required notice of judgment was never mailed by the clerk of court to the unrepresented defendant, the delay for applying for a new trial never commenced to run and defendant's motion for a new trial was timely filed, unless the notice to appear for examination as a judgment debtor served on the defendant by the sheriff in East Baton Rouge Parish constitutes compliance with the notice of judgment requirements of LSA-C.C.P. Art. 1913.
Notice of judgment is required by Article 1913 only in a limited number of cases, where it is likely the party against whom the judgment is rendered will not otherwise *378 have prompt, actual knowledge of the signing of a judgment and the date thereof. The requirements of notice in this limited number of situations are couched in mandatory terms"notice ... shall be mailed" and "[t]he clerk shall file a certificate..." The purpose of the Article is to provide a specific judicial procedure for affording a party official notice of judgment and to provide an official record of such notice. Where mailing of notice is required, the delay for applying for a new trial, the delay for appealing, and the time when a judgment becomes executory are all keyed in to the date of mailing the notice. For the protection of the rights of all the parties to a lawsuit, it is important that notice of the commencement of the delays be given and that there be a judicial record of such notice, fixing the date of commencement of the delays with certainty.
Actual knowledge dehors the specified judicial process by a party entitled to notice of judgment that a judgment has been signed does not cause the delays to commence to run.
Article 1913 requires the notice to be mailed by the clerk of court of the parish where the case was tried. While the form of the notice is not specified, and while actual receipt of notice of judgment from the clerk by a method other than mailing (such as personal delivery) may be sufficient, it is clear that the notice must emanate from the clerk of court of the parish where the case was tried and that the notice must be of the signing of the judgment.
In the instant case, service by the sheriff in East Baton Rouge Parish of a summons to be examined as a judgment debtor in a proceeding in the district court of that parish did not constitute compliance or even substantial compliance with Article 1913. While such proceedings necessarily imported some actual knowledge to the defendant that a judgment had been rendered against him, the proceedings did not constitute the specific required judicial notice of judgment required by Article 1913. It was not a direct notice of the signing of judgment and was not done for the purpose of notifying the defendant of signing of judgment. It was not mailed to the defendant. It did not emanate from the clerk of court of the parish in which the case was tried.
At the time the examination of judgment debtor proceeding and the seizure were carried on in East Baton Rouge Parish, the delays for applying for a new trial and for taking a suspensive appeal had not run. These steps in execution of the judgment were premature since judgments are not subject to execution until the suspensive appeal delay has elapsed. LSA-C.C.P. Art. 2252. Premature steps in execution of the judgment by the plaintiff should not be held to affect and limit the defendant's rights to apply for a new trial or to appeal.
No Louisiana cases have dealt with the specific issue presented in this case. Generally, however, the cases dealing with related issues support, in principle, defendant's position that the judgment debtor proceeding did not serve as notice of judgment and cause the delays for applying for a new trial and for appealing to commence.
Moses v. American Security Bank of Ville Platte, 222 So.2d 899 (La.App.3d Cir. 1969) was a suit to dissolve and recover damages for a wrongful seizure under fieri facias. A required notice of judgment was not given prior to seizure of defendant's property by the judgment creditor, who contended the notice of seizure was sufficient to amount to a notice of judgment. The court held that although no sacramental form is specified for Article 1913's written notice of judgment, the notice of seizure under Article 2293 "performs a different and a subsequent function." The court held "[t]he contention that a notice of `seizure' can simultaneously be considered a notice of `judgment' is unsupported by any authority."
In Hampson v. Hampson, 271 So.2d 898 (La.App. 2d Cir. 1972) this court held that *379 even though defendant had actual knowledge of the judgment (he testified he knew of the judgment and thought he had seen a copy of it), a motion for new trial filed twenty-three months after judgment was timely where the required notice of judgment was never served. The court held:
"In the instant case, the defendant took no action which could be construed as a waiver of service of the notice of judgment. No authority is cited in support of plaintiff's contention that actual knowledge of rendition of the judgment is equivalent to service of notice or amounts to a waiver of service of notice. The mere passage of a substantial amount of time after rendition of the judgment does not constitute a waiver or bar the defendant from applying for a new trial where the delay never commenced to run."
In Wood v. Beard, 268 So.2d 152 (La.App. 3d Cir. 1972), notice of judgment was mailed to the unrepresented party's former attorney who had previously formally withdrawn as counsel. That attorney later delivered the notice to the party's new attorney, who had enrolled as counsel after signing of the judgment. The court held that these circumstances were not sufficient to meet the requirements of Article 1913, and the delays for applying for a new trial and for taking an appeal did not begin to run. The court considered the fact that new counsel for the party received actual notice of the judgment and held:
"We do not feel that the actual receipt of such a notice had the effect of causing the delays provided in LSA-C.C.P. arts. 3942 and 3943 to begin to run on the date of that actual receipt. We have pointed out that Article 1913 requires that notice of the signing of the judgment `shall be mailed' to the party not represented by counsel. The law does not authorize the substitution of an extra judicial notice for that of mailing, and we hold that the delivery of the notice by Spiller to Falkenheiner on June 1, 1972, was not sufficient to begin the running of the delay allowed for applying for a new trial. Viator v. Grain Dealers Mutual Insurance Company, 178 So.2d 378 (La.App. 3 Cir. 1965); J. I. Case Company v. Aplin, 236 So.2d 645 (La.App. 3 Cir. 1970); Weisgerber v. Weisgerber, 225 So.2d 92 (La.App. 1 Cir. 1969)."
Our holding is that the notice to appear for examination as a judgment debtor and the seizure of defendant's property through proceedings in the Nineteenth Judicial District Court for East Baton Rouge Parish did not constitute the notice of judgment required to be mailed to the unrepresented defendant by the clerk of court of the First Judicial District Court for Caddo Parish, the court where the case was tried. No notice of judgment having been given, the delays for applying for a new trial and for taking an appeal never commenced to run. Defendant did not waive notice of judgment and is not estopped by the passage of time from applying for a new trial or taking an appeal. His motion for a new trial is timely, as is his appeal.
The trial court did not consider the merits or substance of the motion for new trial. Serious grounds for a new trial are alleged in the motion and supporting affidavit. The motion should be tried and considered on its merits in the district court.
The appeal in this case is from the final judgment against defendant. The appeal brings before this court for review the final judgment and all interlocutory judgments rendered in the course of the proceedings. Bielkiewicz v. Insurance Company of North America, 201 So.2d 130 (La.App. 3d Cir. 1967). Although the entire record is before this court and the correctness of the final judgment could be considered, appellant's prayer for relief is that the interlocutory judgment overruling his motion for new trial be reversed and *380 the case be remanded for consideration of the motion on its merits. Such relief is appropriate under the circumstances.
For the reasons assigned, appellee's motion to dismiss appeal is overruled. The judgment of the district court overruling appellant's motion for new trial as untimely is reversed and set aside. The case is remanded to the First Judicial District Court for trial and consideration of appellant's motion for new trial on its merits and for such further proceedings as may be appropriate and consistent with the opinion of this court.
Reversed and remanded.
NOTES
[1] LSA-C.C.P. Art. 1913

Notice of the signing of a default judgment against a defendant on whom citation was not served personally, and who filed no exceptions or answer, shall be served on the defendant by the sheriff, by either personal or domiciliary service.
Except as otherwise provided by Article 3307, when a case has been taken under advisement by the court notice of the signing of a final judgment therein shall be mailed by the clerk of court of the parish where the case was tried to the counsel of record for each party, and to each party not represented by counsel.
If, at the conclusion of a trial a case is not taken under advisement but the court does not sign a judgment at the time, a party may make a request of record for notice of the date when the judgment was signed; and when such a request is made, the clerk shall mail such notice to the party requesting it or to his counsel of record.
The clerk shall file a certificate in the record showing the date on which, and the counsel and parties to whom, notice of the signing of the judgment was mailed.
Except as otherwise provided in the first three paragraphs of this article, notice of the signing of a final judgment is not required.
[2] LSA-C.C.P. Art. 1974

The delay for applying for a new trial shall be seven days, exclusive of legal holidays. Except as otherwise provided in the second paragraph hereof, this delay commences to run on the day after the judgment was signed.
When notice of the judgment is required under Article 1913, the delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913.
[3] LSA-C.C.P. Art. 2087

Except as otherwise provided in this article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, within ninety days of:
(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
(2) The court's refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
(3) The date of the mailing of notice of the court's refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.
When a devolutive appeal has been taken timely, an appellee who seeks to have the judgment appealed from modified, revised, or reversed as to any other appellee, may take a devolutive appeal therefrom, and furnish the security therefor, within the delays allowed in the first paragraph of this article, or within ten days of the granting of the first devolutive appeal in the case, whichever is later.