SWIFT, Judge.
Plaintiff, Aford Brassette, instituted this tort action against defendant, Central Louisiana Electric Co., Inc. (CLECO), seeking damages for defendant’s alleged trespass onto plaintiff’s property. Each party filed a motion for a summary judgment based principally on a joint stipulation as to the facts.
The trial judge rendered judgment following a hearing, denying the motion filed by plaintiff, granting defendant’s motion for summary judgment and dismissing the suit. Plaintiff brings this appeal from the court’s ruling.
LSA-C.C.P. Art. 966 provides that, the judgment sought in such a motion shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law.
In this case there is no genuine issue of material fact, the parties having stipulated to all essential facts which concern the litigation. On November 28, 1966, CLECO acquired through expropriation a 70 foot right of way affecting property owned by Mr. Brassette. After this judgment was rendered CLECO strung three electrical transmission wires or conductors and two static wires across plaintiff’s property through the right of way. It was not necessary to place any poles or structures on this property. They were located on lands of others. In February 1979 three additional conductor wires were installed on the existing electric transmission line across the right of way on plaintiff’s tract. Defendant’s employees did not get out of the 70 *121 foot right of way or cause any physical damage to plaintiff’s property while installing the. additional wires. Plaintiff instituted this suit, contending that CLECO had unlawfully placed the three conductor lines across his land.
The sole issue is whether defendant was entitled to string additional conductor wires aci’oss the property under the judgment of expropriation rendered in 1966. Plaintiff contends that the judgment limited defendant to the installation of only five wires across the right of way, because the trial judge mentioned that was the purpose of the expropriation in his written reasons for judgment.
The judgment of expropriation, in pertinent part, reads as follows:
“IT IS ORDERED, ADJUDGED and DECREED that there be judgment herein in favor of the plaintiff, Central Louisiana Electric Company, and against the defendant, Aford Brassette, granting to said plaintiff a seventy (70') foot right of way as described in plaintiff's petition [1] and affecting the following described property, to wit:
“A certain irregular shaped parcel of ground containing two point thirty-two (2.32) acres and located in the North Half (N V2) of the Southeast Quarter (SE Vi) of Section Twenty-four (24), Township One (1) South, Range One (1) East, Louisiana Meridian, Evangeline Parish, Louisiana and further described as Lot 1 of Plat of Survey made by C. D. Latour, Surveyor on August 23, 1958, recorded in Plat Book No. 4, Evangeline Parish Records, as reflected by the acquisition of defendant under Original Act No. 183908, Conveyance Book B-149 at page 564, et seq., dated October 13, 1958, filed October 13, 1958, Records of the Clerk of Court’s Office, Evangeline Parish, Louisiana.”
Thus, the judgment granted CLECO a 70 foot right of way affecting plaintiff’s property, but it did not itself specifically define or set forth the purpose for which the right of way or servitude was granted.
It is well settled in our jurisprudence that if there is any question as to the intent of the judgment or in the event of ambiguity, resort may be had to the pleadings filed in the matter in order to clarify the ambiguity or uncertainty. Lumbermens Mutual Casualty Company v. Younger, 158 So.2d 341 (La.App. 3 Cir. 1963) and Weisgerber v. Weisgerber, 270 So.2d 313 (La.App. 1 Cir. 1972), writ refused, 272 So.2d 375 (La.1973).
In the present case, however, we need not rely on such principle, because the judgment expressly referred to the petition for the description of the right of way.
In the expropriation petition Article 7 reads as follows:
“It is necessary, subject to the reservations hereafter made to the defendant, that petitioner take and enjoy a servitude in, under, upon, over and across the property hereinabove described, for the purpose of constructing, installing, maintaining, operating, replacing, repairing or removing an electric transmission line, consisting of a line of double pole structures, with such wires, cables and other appurtenances thereto as may be necessary or convenient for the transmission of electric energy, including the right to trim or remove trees and limbs and to prevent, remove or cause to be removed other obstructions which might interfere with or constitute a hazard to the operation of said transmission line, upon the said seventy (70) feet servitude, as here-inabove defined, and also including any other rights and privileges within the area hereinabove defined which might be necessary for the construction, installation, maintenance, operation, replacement, repair or removal of said electric transmission line, and appurtenances.”
By virtue of the specific reference in the judgment to the petition for a description of the right of way, it is clear to us that the judgment of expropriation did not limit defendant to placing five wires in the right of way. As set forth above, the petition re *122 quests a right of way for the purpose of maintaining “an electric transmission line, consisting of a line of double pole structures, with such wires, cables, and other appurtenances as may be necessary or convenient for the transmission of energy.” (Emphasis added.) As in Hanks v. Gulf States Utilities Company, 221 So.2d 249 (La.1969), the right to transmit power through its electric transmission line was the servitude obtained in the 1966 expropriation and the installation of wires etc. was simply an accessory right within the servitude.
Since CLECO had the right under its servitude to add to its electric transmission line such wires “as may be necessary or convenient” for the transmission of energy, no trespass was committed by the defendant in doing so. We also note that no physical damage was caused to the property by the installation of the additional wires.
For the above and foregoing reasons, the judgment of the district court is affirmed. All costs of these proceedings are taxed against plaintiff-appellant.

AFFIRMED.

. Emphasis added.