439 So.2d 498 (1983)
L.B. PONDER, Jr., D/B/A Ponder and Ponder
v.
RELAN PRODUCE FARMS, INC.
No. 82 CA 1065.
Court of Appeal of Louisiana, First Circuit.
October 11, 1983.
*499 J. Lynn Ponder, Amite, for plaintiff-appellant.
Frank M. Edwards, Jr., Amite, for defendant-appellee.
Before SHORTESS, LANIER and CRAIN, JJ.
SHORTESS, Judge.
L.B. Ponder, Jr. (plaintiff) brought two suits against Relan Produce Farms, Inc. (defendant), which were consolidated for trial, seeking to recover $2,267.05 in allegedly unpaid attorney's fees for services rendered. Trial was held on November 2, 1981, after which the case was taken under advisement by the trial court. Judgment was rendered and signed for plaintiff in open court approximately three weeks later, on November 23, 1981. No notice of the signing of this judgment was mailed by the clerk of court to either the defendant or his attorney.
On April 28, 1982, plaintiff filed a garnishment petition pursuant to a writ of fifa and seized a bank account of defendant and a check drawn by defendant.
On May 5, 1982, defendant brought a rule to show cause why the seizure should not be *500 set aside and included a prayer for damages and attorney's fees for wrongful seizure. Plaintiff then filed "Exceptions and Answer" and "Exceptions of Moot" in response. Judgment was rendered in the summary proceeding on August 27, 1982, overruling the exceptions and awarding defendant $2,500.00 in damages and $1,500.00 in attorney's fees. Plaintiff's motion for a new trial was denied, and he perfected this appeal.
The facts of this case present four issues for consideration by this court:
(1) Was plaintiff's garnishment premature?
(2) Is the summary proceeding properly available to dissolve the seizure?
(3) What is the proper measure of damages and attorney's fees to be awarded, if any?
(4) Is indemnification against the clerk of court a remedy open to plaintiff?
(1) PREMATURE EXECUTION
The Louisiana Code of Civil Procedure sets forth with particularity the procedures that must be followed in order to execute on a judgment. Article 2252 permits a judgment creditor to proceed with the execution of a judgment "only after the delay for a suspensive appeal therefrom has elapsed." Article 2123 sets forth a 30-day delay for taking a suspensive appeal, stating that the delay commences upon "[t]he expiration of the delay for applying for a new trial, as provided by Article 1974...." Under article 1974, the delay for applying for a new trial is seven days, such delay commencing upon the day after the clerk of court has mailed the notice of judgment, when such notice is required under article 1913. Finally, article 1913 requires that notice of the signing of a final judgment when a case has been taken under advisement "shall be mailed by the clerk of court of the parish where the case was tried to the counsel of record for each party...." The provisions were considered in Boswell v. Jeff Cantrell Homes, Inc., 333 So.2d 374 (La.App. 2nd Cir.1976), and Moses v. American Security Bank of Ville Platte, 222 So.2d 899 (La.App. 3rd Cir.1969). In both cases, the courts held that in lieu of the required article 1913 notice the delays for new trial (and, necessarily, the appeal delays) never commenced. 333 So.2d at 379; 222 So.2d at 902. Additionally, the court in Boswell held that actual knowledge of a party or his counsel has no effect on the need for sending of the notice. "Actual knowledge dehors the specified judicial process ... does not cause the delays to run.... Notice must emanate from the clerk...." 333 So.2d at 378.
Applying this law to the facts in this case, the garnishment was indeed premature. Although approximately five months had passed between the rendition of judgment and the attempted garnishment, the delays for taking the suspensive appeal had not expired, as required by La.C.C.P. art. 2252.
(2) THE USE OF SUMMARY PROCEEDINGS
La.C.C.P. art. 2592(1) permits use of summary proceedings to dissolve a premature seizure, as an "incidental question" arising in the course of litigation. See Moses, 222 So.2d at 903. However, summary proceedings are not the proper vehicle for a prayer for damages and attorney's fees. Moses, 222 So.2d at 903.
Defendant challenged the garnishment with a rule to show cause why the seizure should not be set aside and included a prayer for damages and attorney's fees. Although the use of summary proceedings was proper to set aside the seizure, the prayer for damages and attorney's fees was not properly included therein and is subject to a timely filed dilatory exception to the unauthorized use of summary proceedings. La.C.C.P. art. 926(3); Moses, 222 So.2d at 903. Plaintiff's assertion of this dilatory exception was filed with his answer to the rule to show cause, presenting an issue for resolution by this court which has heretofore remained unaddressed in Louisiana. That issue is: should a dilatory exception to the unauthorized use of a summary proceeding *501 be considered timely when filed with an unnecessary answer to the summary proceeding? Several Code of Civil Procedure articles merit our attention in resolving this question.
The proper time to file the dilatory exception in an ordinary proceeding is before filing the answer or the rendition of a judgment of default, under La.C.C.P. art. 928. The effect of filing an exception with the answer in an ordinary proceeding is waiver of that exception and submission to the court's jurisdiction under La.C.C.P. arts. 7 and 928. This provision is made applicable to the summary proceeding by La.C.C.P. art. 2596. However, article 2596 says that rules governing ordinary proceedings are applicable to summary proceedings "except as otherwise provided by law." We believe that article 2593 is one of the exceptions. Article 2593 requires that the dilatory exception be filed in the summary proceeding merely before trial of the proceeding, presumably because it also provides that no answer is required in the summary proceeding. We construe this language to give the right to a defendant in a summary proceeding to file his dilatory exception any time before the trial whether he files an answer or not. Official Revision Comment (D) of article 2593 states that a defendant waives an objection to the improper use of summary procedure "if he enters upon the trial without excepting to the summary procedure." This Comment also states that all other exceptions which, under ordinary procedure, are required to be filed prior to answer or default "should be filed prior to the commencement of the summary trial, since there is no default in summary proceedings." Reading the language of article 2593 together with the Official Revisions Comments leads us to conclude that the filing of an answer is irrelevant to waiving exceptions in a summary proceeding because there is no requirement that an answer be filed in such a proceeding. See also International Matex Tank Terminals v. System Fuels, Inc., 398 So.2d 1029 (La.1981); Louisiana Acts 1983, No. 60, § 1, amending La.C.C.P. arts. 7 and 928 to allow the simultaneous filing of all exceptions. We believe, therefore, that in a summary proceeding where under article 2593 an answer is not required the defendant's dilatory exception is timely if filed prior to the trial of the summary proceeding, regardless of whether he chooses to file an answer with it or not. Therefore, in this case the exception was timely filed.
(3) DAMAGES AND ATTORNEY'S FEES
Since the exception was timely filed here, the claims for damages and attorney's fees were not properly brought before the trial court, and we therefore reverse the trial court's awards for these claims.
(4) INDEMNIFICATION
Plaintiff argues that should he be held liable for damages and attorney's fees, he is entitled to indemnification from the clerk of court. Because we reverse the trial court's award of these claims, we need not address the indemnification issue.
(5) DECREE
For the foregoing reasons, the judgment of the trial court is affirmed as to the dissolution of the seizure. We reverse as to the awards for attorney's fees and damages. All costs of this appeal are to be divided equally between the parties.
AFFIRMED IN PART, REVERSED IN PART.