jaWATKINS, Judge.
The appellant, Bilwood Smith, Jr., (Exceptor), is a grandson and forced heir of decedents, Mark C. Smith, Jr. and Julia Wood Smith. The appellee, Mark C. Smith, III, (Administrator), is a son of the decedents and the administrator of their estates.
On July 29, 1992, Administrator filed a petition for a declaratory judgment in the succession proceedings. The petition sought a judicial determination of the effect of a cash sale by the decedent, Mark C. Smith, Jr., to Bayou Wood, Inc. The petition further prayed for a determination whether *1145 such act of cash sale authorized Administrator to sell and transfer the Arkansas realty which was part of the succession property to Bayou Wood, Inc.
Administrator had the petition served on Bilwood Smith, Jr., and other heirs. None of those served filed answers to the petition. However, on September 18, 1992, Bilwood Smith, Jr. filed dilatory exceptions of prematurity and non-joinder of a necessary party, as well as peremptory exceptions of non-joinder of an indispensable party, failure to state a cause of action, and no right of action.
It is undisputed that Exceptor did not file a separate memorandum with the exceptions, as required by Local Rule XIV of the Twenty-Second Judicial District Court.
After the exceptions were filed, Administrator presented the trial court judge with a written motion to fix the exceptions for hearing. The written motion contained directions that the pleading be served on the attorney for Exceptor.
Instead of setting the exceptions for hearing, the trial court judge wrote the following on the face of the written motion and signed same: “Denied. Exceptions are dismissed. No memo filed with exceptions.”
It is undisputed that the clerk of court did not send notice of the interlocutory order dismissing the exceptions or | shave the pleading served on the attorney for Exceptor pursuant to the request for service included on the written motion. However, counsel for Administrator mailed a copy of the interlocutory order to counsel for Exceptor.
On February 19, 1993, Administrator took a preliminary default on the petition for declaratory judgment, and on March 3, 1993, a judgment by default was confirmed.[1] Although no notice of the final .default judgment was sent to counsel for Exceptor, he perfected a timely devolutive appeal.
The appellant urges that the district court erred in dismissing his exceptions without notice. We agree.
We have been cited to no statutory authority or jurisprudence dealing directly with the effect of an un-noticed, ex parte interlocutory order dismissing exceptions. However, we have no difficulty concluding that the facts of the instant case call for an extension of the requirement of notice.
The Louisiana Code of Civil Procedure provides for the rendition of judgments in Article 1911, et seq. Article 1913 provides rules for notice when a final judgment has been rendered, and Article 1914 provides rules for interlocutory judgments. It is clear from the record in the instant case that the order dismissing the exceptions is not a final judgment; therefore, it is governed by the provisions for interlocutory judgments.
Article 1914 and the Official Revision Comments provide in pertinent part:
Art. 1914. Interlocutory order or judgment when case under advisement; notice; delay for further action when notice required[2]
I4A. When a case has been taken under advisement by the court for the purpose of deciding whether an interlocutory order or judgment should be rendered, the clerk shall make an entry in the minutes of the court of. any such interlocutory order or judgment rendered thereafter.
B. The clerk shall mail notice of the rendition of the interlocutory order or judgment to the counsel of record for each party and to each party not represented by counsel; and each party shall have ten days from the date of the mailing of the notice to take any action or file any pleadings as he deems necessary, except as provided in the next Paragraph [providing for an interlocutory order refusing to grant a new trial].
[[Image here]]
Official Revision Comments
(a) This article is restricted to cases taken under advisement so that the judge may decide whether to render an interloc *1146 utory order or judgment. The preceding article covers notice of the rendition of a final judgment.
[[Image here]]
Comment — 1983
[Paragraph (b) of the Official Revision Comments of 1960 was amended in 1983 to read as set forth below.]
(b) The 1983 amendment eliminates the requirement that a party must make a written request for notice. Instead, it provides that in all eases the clerk shall mail notice of the rendition of an interlocutory order or judgment when the matter has been taken under advisement. The increased protection afforded by this change is especially important to protect a party’s right to appeal. See Harris v. Dupree, 322 So.2d 380 (2nd Cir.1975, writ denied 1976).[3]
Although the proceedings sub judice are similar to the trial court proceedings encountered in the case of Bank of Iberia v. Acadia-na Aircraft, Inc., 614 So.2d 481 (La.App. 3d Cir.1987), there is a major difference in the instant case that requires a different result. The plaintiff-appellee, Bank of Iberia, moved to dismiss the appeal of Lee Matherne, Jr., defendant-appellant, on the ground that the appeal was untimely filed. Matherne was personally served with plaintiffs amended petition. Thereafter, he filed peremptory exceptions of no cause and right of action.
I r,Counsel for Matherne was served with notice of the hearing of the exceptions on Jamn-ary 22, 1987. Although counsel for exceptor failed to make an appearance on that date, a judgment dismissing the exceptions was read and signed in open court. When Matherne did not answer the petition, a preliminary default was entered and confirmed; final judgment by default was signed on February 18, 1987. The defendant filed a motion for a new trial, which was denied, and eventually an appeal, which was opposed as being untimely. In his motion for appeal, 'Matherne argued that he should have received notice of the judgment dismissing his exceptions. The appellate court rejected that argument, stating that he was not entitled to notice under Article 1914 because his counsel had been notified of the hearing, and the judgment was read and signed in open court, not taken under advisement. Clearly, the reasoning of the court was that the protection afforded by the statute did not extend to a party who was himself responsible for not knowing of the signing of the judgment.
In the instant case, however, the interlocutory order was not rendered in open court. Although the trial court in the instant case did not take under advisement the question of whether to dismiss the exceptions, the ex parte nature of the rendition of the interlocutory order was tantamount to having taken the matter under advisement. A motion to set the exceptions for hearing was presented to the trial court without the knowledge of counsel for the exceptor. Although the motion was denied, the only persons officially aware of the dismissal of the exceptions were the trial judge and counsel for the administrator.
It is undisputed that the clerk of court did not provide appellant with notice of the interlocutory order dismissing his exceptions, which notice wé hold was a prerequisite to the taking of a default. We are aware of appellee’s argument that counsel for Ex-ceptor had actual notice, via a copy of the order mailed to him by counsel for Administrator. Nevertheless, the law does not authorize the substitution of extrajudicial notice for official | ^notice by the clerk of court. See Wood v. Beard, 268 So.2d 152 (La.App. 3d Cir.1972); Boswell v. Jeff Cantrell Homes, Inc., 333 So.2d 374 (La.App. 2d Cir.1976).
In light of the lack of notice of the dismissal of the exceptions, it was error to enter a default judgment in favor of Administrator. Because the defendant was not required to answer until the exceptions were disposed of properly, the plaintiff was not entitled to a default judgment. Rabom v. Bonica, 334 So.2d 471 (La.App. 1st Cir.), writ denied, 338 So.2d 111 (La.1976).
Accordingly, we vacate the declaratory judgment of the trial court rendered on March 3, 1993, and we remand the case for further proceedings consistent with this opin *1147 ion. Costs of the appeal are assessed against the appellee.
REVERSED AND REMANDED.

. The substance of the default judgment is immaterial, as the determination of procedural issues is dispositive of this appeal.

. Section 2 of Acts 1983, No. 61, provides:
"The Article heading and comment in this Act are not part of the law and are not enacted into law by virtue of their inclusion in this Act.”

. Id.